## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ | ) | |
| Advantage Healthplan Inc., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| The Plan Committee, | ) | Case No. 08-166 |
| Pillsbury Winthrop Shaw Pittman LLP, | ) | |
| and Patrick J. Potter, Solely in His | ) | |
| Capacity as Former Plan Agent, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

## MOTION FOR SUMMARY AFFIRMANCE THAT THE BANKRUPTCY COURT ORDER STRIKING THE PLEADING FILED, WITHOUT LICENSED COUNSEL, BY <u>ADVANTAGE HEALTHPLAN, INC.</u>

Appellees, Pillsbury Winthrop Shaw Pittman LLP and Patrick J. Potter, Solely in his Capacity as Former Plan Agent (for convenience, collectively "Pillsbury"), respectfully submit this Motion for Summary Affirmance of That Certain Bankruptcy Court Order Striking the Pleading Filed, Without Licensed Counsel, by Advantage Healthplan, Inc.  (Please note that Pillsbury is not, at this time, seeking summary affirmance of the second order that is the subject of these appeals, <u>i.e.</u>, the order approving the Settlement Agreement between Pillsbury and the Plan Committee or any of the other 15 issues out 16 raised on appeal in appellant's statement of issues.)

### <u>Undisputed Facts</u>

1.     Advantage Healthplan, Inc. ("Advantage") was a creditor in the Greater Southeast Hospital (the "Hospital") chapter 11 bankruptcy proceeding.  Prior to confirmation of the chapter

11 plan, Advantage was a member of the official creditors' committee ("OCC").  Since

confirmation of the plan, Advantage has been (and remains) a member of the so-called "Plan

Committee."

      2.      The owner of Advantage is Elliot Wolff.  Mr. Wolff was not a creditor of the

Hospital.  Mr. Wolff is the representative for Advantage participating on the OCC and the Plan

Committee.  Mr. Wolff did not participate in the Hospital case nor did he sit on either committee

in his individual capacity.

      3.      On December 19, 2007, Advantage filed a pleading with the Bankruptcy Court

(the "Advantage Objection").  A copy of the Advantage Objection is attached as **Exhibit 1**.

      4.      On December 20, 2007, Pillsbury filed its Response and Motion to Strike, as copy

of which is attached as **Exhibit 2** (the "Motion to Strike").  Pillsbury argued that the Court

should strike the Advantage Objection because Advantage is a corporation and its objection was

not signed by a licensed attorney, as required by applicable law.

      5.      A hearing on the Motion to Strike was not conducted, and thus, there is no

transcript with respect to the resolution of the motion.  Instead, on the morning of December 21,

2007, the Court entered is Order striking the Advantage Objection "in its entirely because it was

not filed by a licensed attorney authorized to practice before the Court."  The Order (the

"Striking Order") is attached as **Exhibit 3**.

      6.      On December 31, 2007, Advantage filed its notice of appeal of the Striking Order.

**Argument**

      7.      The standard applicable to the Court's review of the Striking Order is *de novo*.

The sole question is whether, as a matter of law, Judge Teel committed error in striking a

pleading filed for a corporation by a person who is not a licensed attorney.  The answer is

unequivocally "no."  As such, additional scarce resources of the Court and the parties should not be wasted on the appeal of the Striking Order.

8.    According to the United States Supreme Court:

> It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel. *Osborn* v. *President of Bank of United States*, 22 U.S. 738, 9 Wheat. 738, 829, 6 L. Ed. 204 (1824); see *Turner* v. *American Bar Assn.*, 407 F. Supp. 451, 476 (ND Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel), affirmance order *sub nom. Taylor* v. *Montgomery*, 539 F.2d 715 (CA7 1976), and aff'd *sub nom. Pilla* v. *American Bar Assn.*, 542 F.2d 56 (CA8 1976).  As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S. C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney. See, *e. g., Eagle Associates* v. *Bank of Montreal*, 926 F.2d 1305 (CA2 1991) (partnership); *Taylor* v. *Knapp*, 871 F.2d 803, 806 (CA9) (nonprofit corporation formed by prison inmates), cert. denied, 493 U.S. 868, 107 L. Ed. 2d 146, 110 S. Ct. 192 (1989); *Jones* v. *Niagara Frontier Transportation Authority*, 722 F.2d 20, 22 (CA2 1983) (corporation); *Richdel, Inc.* v. *Sunspool Corp.*, 699 F.2d 1366 (CA Fed. 1983) *(per curiam)* (corporation); *Southwest Express Co.* v. *ICC*, 670 F.2d 53, 55 (CA5 1982) *(per curiam)* (corporation); *In re Victor Publishers, Inc.*, 545 F.2d 285, 286 (CA1 1976) *(per curiam)* (corporation); *Strong Delivery Ministry Assn.* v. *Board of Appeals of Cook County*, 543 F.2d 32, 34 (CA7 1976) *(per curiam)* (corporation); *United States* v. *9.19 Acres of Land*, 416 F.2d 1244, 1245 (CA6 1969) *(per curiam)* (corporation); *Simbraw, Inc.* v. *United States*, 367 F.2d 373, 374 (CA3 1966) *(per curiam)* (corporation).  Viewing § 1915(d) against the background of this tradition, its assumption that litigants proceeding *in forma pauperis* may represent themselves tells us that Congress was thinking in terms of "persons" who could petition courts themselves and appear *pro se*, that is, of natural persons only.

Rowland v. California Men's Colony, 506 U.S. 194, 202-03 (1993) (footnote omitted).  Because the applicable legal principal is straight-forward and non-controversial, nothing more need be said about it.

9.      There is no dispute that the Advantage Objection was filed for a corporation and that the person filing it, Mr. Wolff, is not an attorney licensed to practice in this Federal District.

10.     There is no dispute that Judge Teel properly applied the two-hundred-year-old legal principal articulated in Rowland to strike the Advantage Objection.

11.     As such, Judge Teel did not commit any legal or reversible error with respect to the Striking Order.  The Striking Order should be affirmed and the appeal of that order should be summarily dismissed.

### Conclusion

WHEREFORE, for the foregoing reasons and for such other reasons as the Court deems appropriate, Pillsbury requests that the Court enter an order affirming the Striking Order.  In addition, Pillsbury requests that the Court make a finding that the appeal of the Striking Order by Advantage is, for Federal Bankruptcy Rule 8020 purposes and otherwise, frivolous; and that the Court retain jurisdiction to administer appropriate relief upon further motion by Pillsbury.

Dated:  February 7, 2008                    Respectfully Submitted,

                                            /s/ Patrick Potter
                                            Patrick Potter (426514)
                                            Jerry Hall (976461)
                                            Pillsbury Winthrop Shaw Pittman LLP
                                            2300 N Street, NW
                                            Washington, DC 20037
                                            (202) 663-8000
                                            Counsel to Pillsbury

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
DEC 19 2007
Clerk, U.S. District and
Bankruptcy Court

In re:                                    )
                                          )
                                          )   Case No. 99-01159
                                          )   (Chapter 11)
THE GREATER SOUTHEAST                     )   Jointly Administered
COMMUNITY HOSPITAL                        )
FOUNDATION, INC., et al. (Members of      )
the Greater Southeast Healthcare System)  )   **Hearing Date: 12/21/07 at 10:30 a.m.**
                                          )   **Objections Due: 12/19/07 at 5:00 p.m.**
          Debtors.                        )
                                          )
                                          )
                                          )

## OBJECTION TO MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AMONG THE PLAN CO9MMITTEE, PATRICK J. POTTER, FORMER PLAN AGENT, AND PILLSBURY WINTHROP SHAW PITTMAN LLP

Advantage Healthplan Inc. (referred to herein as "Advantage") hereby submits this

Objection to the Motion referred to above, and in support thereof, respectfully states as follows:

### BACKGROUND

1.       On May 29, 1999, Greater Southeast Community Hospital Corporation, the

Greater Southeast Community Hospital Foundation, Inc., Fort Washington Nursing Home, Inc.

and Greater Southeast Management Company (collectively, the "Debtors") filed voluntary

petitions under Chapter 11 of the Bankruptcy Code in the Untied States Bankruptcy Court for the

District of Columbia (the "Bankruptcy Court").

2.       On October 23, 2001, the Bankruptcy Court entered the Confirmation Order

approving the Debtors' Seconded Amended Joint Plan (the "Plan").

3.       The Plan provided for the establishment of the Plan Committee.

4.      The Plan Committee originally was comprised of creditors Eaton Vance Management ("Eaton Vance"), Advantage, and Welcome Homes Inc. ("Welcome Homes"), and effective June 13, 2007 Eaton Vance resigned from the Plan Committee.

5.      The Plan also provided for the appointment of a Plan Agent. Effective on November 5, 2001, Thomas J. Catliota was appointed to serve as Plan Agent. Following Mr. Catliota's resignation as Plan Agent effective as of March 31, 2006, Patrick J. Potter ("Potter") assumed the role of Plan Agent. The Plan Committee terminated Potter's role as Plan Agent on or about August 10, 2007.

6.      At all times after November 5, 2001, Potter was and currently is a partner and attorney in the law firm Pillsbury Winthrop Shaw Pittman LLC ("PWSP").

7.      From November 5, 2007 until its termination by the Plan Committee on or about August 10, 2007, PWSP was legal counsel to the Plan Committee.

8.      In Spring 2007, the Plan Committee was informed that documentation of certain decisions and actions of the Plan Committee was inconsistent with the Plan and that prompt correction of that documentation was essential to the execution of certain duties of the Plan Committee. This problem could adversely affect all actions by the Plan Committee to pursue action to collect obligations from third parties.

9.      The defective documentation had been prepared by one or more attorneys at PWSP (or its predecessor law firm), and the Plan Committee directed PWSP to make the corrections in order to permit the Plan Committee to execute its duties that could not be executed because of the inconsistencies.

2

10. Potter and PWSP chose to correct the technical documentary inconsistencies by a request that the Bankruptcy Court issue an order to make the corrections nunc pro tunc, and they billed the Plan Committee in excess of $60,000.00 for that work..

11. This corrective action occurred before June 13, 2007 during a time when there was an agreement among members of the Plan Committee as to allocation of certain expenses of the Plan Committee between Eaton Vance (representing the bondholders) and the other unsecured creditors ("Unsecured Creditors").

12. Without discussion with the Plan Committee members representing the Unsecured Creditors, Potter and PWSP allocated a small portion of their billings to Eaton Vance, thereby allocating an excessive amount to the Unsecured Creditors, to which the Plan Committee representatives of the Unsecured Creditors objected.

13. Eaton Vance accepted the allocation by Potter and PWSP, refused to discuss with the Plan Committee representatives of the Unsecured Creditors their disagreement as to the allocation, and entered into an agreement with the Unsecured Creditors' representatives on the Plan Committee to transfer to the Unsecured Creditors' account only the amount allocated to the bondholders from Eaton Vance funds held by Potter acting as Plan Agent.

14. Advantage is not aware of any authorization by the Plan Committee to disburse to PWSP the amount transferred by the bondholders to the account of the Unsecured Creditors; however, the Plan Committee was advised by successor legal counsel that in fact that amount was disbursed to PWSP. Plan Committee representatives of the Unsecured Creditors objected both to the allocation and to the disbursement.

15. With the documentary inconsistencies corrected by Order of the Bankruptcy Court, the Plan Committee requested assistance from PWSP attorneys to explain the bankruptcy

3

effects of that Order to special legal counsel to the Plan Committee. The Plan Committee objected to the extent, reasonableness, value and other bases of the PWSP services to explain the bankruptcy effects of that Order which were reflected in additional billings in excess of $60,000.00.

16.     The Plan Committee requested discussions with Potter regarding its concerns about the PWSP billings. The Plan Committee also requested such discussions with the local managing partner of PWSP, arbitration of this fee dispute under the Rules of the District of Columbia Bar Association, negotiation between Plan Committee legal counsel and Potter, voluntary mediation, voluntary arbitration and every Plan Committee initiative to resolve this dispute was flatly rejected by Potter and PWSP or denied by the Bankruptcy Court.

17.     Shortly after August 10, 2007, the Plan Committee appointed a new Plan Agent, and the new Plan Agent requested that Potter transfer to the new Plan Agent all books, records and other assets of the Plan Committee and of the Debtors. Despite repeated requests, Potter has turned over only two original bank statements for periods after termination of his role as Plan Agent to the new Plan Agent. Potter emailed a few additional copies of some, but not all, bank accounts known to the Plan Committee and the new Plan Agent. Potter and PWSP have refused to cooperate with the Plan Committee or the new Plan Agent to permit the Plan Committee or the new Plan Agent to perform their duties under the Plan or to ascertain the location and circumstances of the assets or liabilities of the Plan Committee and the Debtors. Accordingly, the Plan Committee and the new Plan Agent are unable to determine the full extent of claims against the Potter and PWSP related to their activities and failures to act on behalf of the Plan Committee.

4

18.     During 2007 and possibly before, Potter failed to notify the Unsecured Creditors' representatives on the Plan Committee of billings to the Plan Committee and failed to pay even those billings that were incurred by Potter acting as Plan Agent.  The Plan Committee incurred costs to defend a collection action in the Bankruptcy Court by a creditor whose activity had been requested by Potter and/or PWSP and whose monthly, cumulative invoices had not been brought to the Plan Committee's attention by Potter or PWSP and had not been paid for approximately six months.

19.     Advantage did not approve and objects to any arrangement, including the one in the settlement agreement approved by the Bankruptcy Court, that makes an unconditional, substantial payment to Potter and PWSP and that releases Potter and PWSP from liability, but at the same time puts the onus on the Plan Committee and the new Plan Agent to discover what they do not know about the assets, liabilities, tax and other filings, and other circumstances of the Plan Committee and the Debtors with no recourse in the event of non-cooperation by Potter and PWSP.

20.     On December 7, 2007, the Motion of Potter and PWSP against the Plan Committee requested payment of approximately $122,000.00.

21.     During the week of December 3, 2007, legal counsel to the Plan Committee spoke with Potter and suggested that this litigation could be settled  After further discussions with Potter, the settlement amount required was said to be $130,000.00.

22.     On or about December 2, 2007, the President of Advantage advised Welcome Homes and Plan Committee legal counsel that any settlement of this litigation must involve (a) complete, full and fair disclosure of the facts and history of this litigation to the Bankruptcy Court resulting in a fact-based decision by the Bankruptcy Court that the settlement is in the best

interest of the Unsecured Creditors, (b) the same disclosure, plus a full and fair summary of any settlement agreement, to all Unsecured Creditors resulting in the absence of any objection in response to that notice that is unresolved to the satisfaction of the Plan Committee or the Bankruptcy Court and (c) appointment of special legal counsel to the Plan Committee to confirm that full and fair disclosure of the facts and history of this litigation was being made to the Bankruptcy Court and the Unsecured Creditors.

23.    Advantage insisted on inclusion of those conditions to any settlement.

24.    On or about December 7, 2007, there was a meeting of both Plan Committee members with Plan Committee legal counsel. There has been a disagreement between the two members of the Plan Committee whether all three Advantage conditions were agreed to.

25.    Advantage has taken the position that all three conditions were not agreed to, and, in fact, no documentation of a decision by the Plan Committee to approve a settlement was approved by the members of the Plan Committee.

26.    On December 13, 2007, legal counsel to the Plan Committee filed an emergency motion to withdraw as counsel to the Plan Committee and to extend the date for certain action to occur in the litigation because no prejudice to either party would apply as a result of the delay. The Bankruptcy Court approved those motions by Order on December 13 and scheduled a hearing on both motions for December 14, 2007 in the afternoon.

27.    In the afternoon of December 13, 2007, Advantage submitted a letter to the Bankruptcy Court approving the withdrawal by Plan Committee legal counsel and the continuance of the litigation schedule pending the appointment of successor legal counsel. The letter informed the Bankruptcy Court that no Advantage representative was able to attend the

hearing on December 14, 2007 and that Advantage's representative would be out of the country from December 19, 2007 until January 5, 2008.

28.     On December 14, 2007, the Plan Committee was not represented by legal counsel; however, the Bankruptcy Court held the hearing in open court and in chambers. That hearing was specifically limited to withdrawal by Plan Committee legal counsel and continuance for certain proceedings. Although no notice of a hearing had ever been issued regarding the subject of approval of a settlement, after that hearing the Bankruptcy Court rescinded its Order approving withdrawal of legal counsel to the Plan Committee, found that a settlement agreement had been entered into by the parties and scheduled a hearing on December 21, 2007 to consider objections to the settlement agreement by Unsecured Creditors.

29.     Plan Committee legal counsel were aware of the limited availability of Advantage's representative knowledgeable and authorized to represent Advantage in this proceeding. It appears to Advantage that the recent hearing schedule has operated to preclude Advantage from participating in the recent and critical judicial deliberations in this litigation to the prejudice of Advantage and of other Unsecured Creditors.

30.     The settlement agreement that is the subject of the Bankruptcy Court's Order was never approved by Advantage, and in the absence of agreement by both members of the Plan Committee evidenced by resolution as was the modus operandi of the Plan Committee since approval of the Plan, no one was authorized to submit that settlement agreement or any settlement to Potter or PWSP.

31.     Even if that settlement agreement were approved by the Plan Committee, the notice to creditors does not make full and fair disclosure.

7

32.    Advantage is prepared to supplement and respond to questions of the Bankruptcy Court about this objection and the relevant facts and circumstances to permit an informed decision of the interests of the Unsecured Creditors in this proceeding.

## OBJECTION & RELIEF REQUESTED

**Under the Circumstances Summarized Above, Advantage Healthplan Inc. Objects to the Settlement Ordered by the Bankruptcy Court and to the Notice of Hearing and Objection Deadline, and to the Settlement that is the subject of the hearing now scheduled for December 21, 2007 and Respectfully Requests:**

**(1) Continuation of the Hearing Scheduled for December 21, 2007 until January 17, 2007 or later to give sufficient time for consideration of the adequacy of the notice and time for informed decision making by the Unsecured Creditors,**

**(2) A Re-Hearing on or after January 17, 2007 upon at least 14 days prior notice to Reconsider the Bankruptcy Court's Order that the settlement agreement was approved by the Plan Committee and was submitted to Potter and PWSP pursuant to authorization by the Plan Committee,**

**(3) Reinstatement of the Bankruptcy Court's Order approving withdrawal by Shulman, Rogers, Gandal, Pordy & Ecker, P.A. as legal counsel to the Plan Committee because that law firm's stated grounds for withdrawal are true and continuing, and**

**(4) Both hearings requested above be continued until the Plan Committee engages new legal counsel and the new legal counsel is prepared on the subject matter of this litigation.**

Dated: December 18, 2007

Respectfully submitted,
Advantage Healthplan Inc.
By /s/ Elliot R. Wolff
Elliot R. Wolff, President
Suite 725
1701 K Street, N.W.
Washington, DC 20006
Telephone: 202-785-7835
Fax: 202-785-7839
Email: erwolff@ahealthplan.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Objection to the Debtors' Motion for Order was

served on the following electronically on December 18, 2007

Name: Welcome Homes, Inc.
Email: szup@erols.com

Name: Patrick Potter, Esq. for himself and for Pillsbury, Winthrop, Shaw Pittman LLP
Email: patrick.potter@pillsburylaw.com

Name: Morton Faller, Esq. for himself and Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
Email: mfaller@srgpe.com

/s/ _____

Elliot R. Wolff

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
In re:  The Greater Southeast Community   )        Case No. 99-01159
Hospital Foundation, Inc., et al. (Members )       (Chapter 11)
Of the Greater Southeast Healthcare        )
System),                                   )        Jointly Administered
                                          )
                        Debtors.           )
_____)

**RESPONSE OF MOVANTS TO THE OPPOSITION OF ADVANTAGE HEALTHPLAN INC. TO THE RULE 9019 SETTLEMENT MOTION**

**AND**

**MOTION TO STRIKE**

Movants[1] respectfully submit this Response and Motion to Strike.  In a case with approximately 1500 unsecured creditors, the sole creditor to object to the Rule 9019 Motion was Advantage Healthplan Inc. ("**Advantage**"), an entity owned and controlled by Elliot Wolff.  For the reasons set forth below, the Court should strike the objection of Advantage and otherwise overrule the requests made by Advantage in its objection.

**Statement of Position**

Movants are reluctantly prepared to live with the settlement filed with the Court.  A critical element of the bargain is that closing occur and Movants be paid on or before December 31, 2007.  This is the very reason why the Rule 9019 Motion is being heard on an expedited basis.  If the deal does not close this year (as Advantage seems to desire), then there will be no deal, and Movants will resume litigating this matter, including its requests to recover all fees and

expenses incurred litigating over the underlying fees and expenses.  In this respect, Movants will request, at the December 21, 2007 hearing, that the Court immediately set new trial and discovery response dates and deadlines.

However, for the reasons set forth below, Movants submit that the Court need not delay approving the Rule 9019 Motion based on the objection of Advantage.  In fact, the Court should strike Advantage's objection from the record and impose sanctions against Advantage for having filed the objection without counsel.

**<u>Motion to Strike</u>**

1.      Historically, this Court has been appropriately strict about the formalities of lawyers practicing law before it.  The same is true with respect to corporate *pro se* litigants.

2.      The objection was filed by Advantage, a corporation.

3.      While Mr. Wolff has claimed from time to time that he possesses certain legal training, on December 19, 2007, the D.C. Bar confirmed for Movants that Mr. Wolff, in fact, is not a member of the D.C. Bar.

4.      Furthermore, on December 20, 2007, the Clerk's Office for the U.S. District Court for the  District of Columbia confirmed that Mr. Wolff is not authorized to practice before such Court; and therefore he is not authorized to practice before this Court.

5.      In light of the foregoing, Mr. Wolff cannot file pleadings and argue matters before this Court as counsel (even assuming *arguendo* he is a lawyer) for Advantage.

6.      Furthermore, in that Advantage is a corporation, as a matter of law it cannot appear *pro se*, but must be represented by an attorney.  <u>See</u> <u>e.g.</u>, <u>In re Las Colinas Development</u>

---

Footnote continued from previous page

[1]      "**Movants**" are Patrick J. Potter, solely in his capacity as former Plan Agent ("**FPA**") and
Footnote continued on next page

<u>Corp.</u>, 585 F.2d 7 (1st Cir. 1978), *cert denied*, 440 U.S. 931 (1979); <u>In re ICLNDS Notes Acquisition, LLC</u>, 259 B.R. 289, 292-94 (Bankr. N.D. Ohio 2001); <u>In re Interiors of Yesterday, LLC</u>, 284 B.R. 19 (Bankr. D. Conn. 2002); <u>Broyhill v. Deluca</u>, 194 B.R. 65, 71 (Bankr. E.D. Va. 1996); In re 1433 Corp., 75 B.R. 55 (Bankr. S.D.Fla. 1987); <u>In re WHET, Inc.</u>, 61 B.R. 709 (Bankr. D.Mass. 1986).

7.     Indeed, as recently as December 19, 2007, this Court entered an order striking pleadings filed by corporation not represented by counsel and dismissing its case entirely on the same ground.  See <u>In re Pesa Properties, Inc.</u>, Case No. 07-625 ("ORDERED that the debtor's objection is striken in its entirety because it was not filed by an attorney, and it is further ORDERED that the request to continue the scheduled hearing is denied.").

8.     In light of the foregoing, and for such other reasons as the Court deems appropriate, the Court should strike the objection of Advantage because it was filed *pro se*, and not by an attorney.  And, for the same reasons the Court should deny the requests by Advantage to reconsider its December 18, 2007 Order (Docket Entry 3344) and continue the scheduled hearing on the Rule 9019 Motion.

**<u>Response to the Objection</u>**

9.     For the record, Movants deny the wholly irrelevant factual recitation set forth in the Advantage objection.  Many of the assertions, for example the assertion that this Court entered an order approving the withdrawal of the Committee's current counsel, are patently false.

10.     At bottom, the Advantage objection contains two arguments, both of which should be rejected by the Court.

---

Footnote continued from previous page

Pillsbury Winthrop Shaw Pittman LLP ("**PWSP**").

11.     First, Advantage argues that the Court's order entered December 18, 2007 (DE 3344), should be reconsidered.  However, Advantage does not address the legal standards applicable to a reconsideration motion and Advantage has not and will not introduce any evidence to rebut the evidence and testimony of Mr. Zupnik presented at the December 14, 2007 hearing.  Thus, even if the Court considers the Advantage objection, the Court should reject its reconsideration request.

12.     Second, Advantage argues that these proceedings should be scheduled around the personal calendar of Mr. Wolff.  There is no dispute that he possessed advance notice of the December 14, 2007 hearing - - the Committee's counsel requested such hearing date at the December 4, 2007 hearing.  He could have, but did not, make arrangements to appear or have counsel for Advantage appear at the December 14, 2007 hearing.  The same is true with respect to the December 21, 2007 hearing.  The Court should not permit Mr. Wolff and Advantage, without representation, to lob an objection into the Court and head off to Mexico on vacation with the hope that he has done enough damage to derail what otherwise appears to be a good faith settlement reached by the parties.  Instead, the Court should conduct the hearing on the Rule 9019 Motion as scheduled.

**Conclusion**

WHEREFORE, Movants request that the Court enter the order submitted herewith (1) striking the *pro se* objection of Advantage; (2) imposing costs upon Advantage for causing Movants to file this Reply and Motion to Strike (or at least reserving on this issue); and (3) denying the reconsideration and rescheduling requests made by Advantage.

Dated:  December 20, 2007                    Respectfully Submitted,

                                             /s/ Patrick Potter_____
                                             Patrick Potter, solely as Plan
                                                  Former Plan Agent
                                             c/o Patrick J. Potter, Esq.
                                             Pillsbury Winthrop Shaw Pittman LLP
                                             2300 N Street, NW
                                             Washington, DC 20037
                                             (202) 663-8000


                                             /s/ Jerry Hall____ _____
                                             Jerry Hall
                                             Pillsbury Winthrop Shaw Pittman LLP
                                             2300 N Street, NW
                                             Washington, DC 20037
                                             (202) 663-8000
                                             Counsel to Movants

```
The order below is signed with the concluding
paragraph (regarding "Movants' request for costs")
stricken without prejudice to the Movants' seeking
such costs, to the extent appropriate, via a
separate motion or a bill of costs.  Dated: December
20, 2007.
```



```
_____
S. Martin Teel, Jr.
United States Bankruptcy Judge
```

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ | ) | |
| In re:  The Greater Southeast Community | ) | Case No. 99-01159 |
| Hospital Foundation, Inc., et al. (Members | ) | (Chapter 11) |
| Of the Greater Southeast Healthcare | ) | |
| System), | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |

### ORDER

Upon consideration of Movants[1] Response and Motion to Strike the Objection of

Advantage Healthplan Inc. ("**Advantage**"), and it appearing that good cause has been shown, it

is hereby

ORDERED, that the objection of Advantage is stricken in its entirety because it was not

filed by a licensed attorney authorized to practice before the Court; and it is further

ORDERED, that the requests by Advantage to reconsider the Court's December 18, 2007

Order (DE 3344) and to reschedule the hearing on the Rule 9019 Motion are denied; and it is

further

---

[1]        "**Movants**" are Patrick J. Potter, solely in his capacity as former Plan Agent ("**FPA**") and
Pillsbury Winthrop Shaw Pittman LLP ("**PWSP**").

ORDERED, that Movants' request for costs is granted and Advantage shall pay Movants

$500.00 for having to respond to the objection of Advantage.

Copies to:

Patrick Potter
Pillsbury
2300 N Street, N.W.
Washington, D.C. 20037

Michael Lichtenstein
Shulman Rogers et al
11921 Rockville Pike, St 300
Rockville, Maryland 20852-2743

Advantage Healthplan
Elliot Wolff
Suite 725
1701 K Street, N.W.
Washington, D.C. 20006

Stanley Zupnik
Welcome Homes, Inc.
5530 Wisconsin Ave, Suite 900
Chevy Chase, Maryland 20815-4330

Clinton Jones
Clinton Jones & Associates
5335 Wisconsin Avenue, N.W.
Suite 400
Washington, D.C. 20015

U.S. Trustee
115 S. Union Street 211
Alexandria, Virginia 22314

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                          )
Advantage Healthplan Inc.,                    )
                                                          )
                          Appellant,            )
                                                          )
vs.                                                      )
                                                          )
The Plan Committee,                             )          Case No. 08-166
Pillsbury Winthrop Shaw Pittman LLP,   )
and Patrick J. Potter, Solely in His          )
Capacity as Former Plan Agent,             )
                                                          )
                          Appellees.             )
_____)

**ORDER GRANTING**
**MOTION FOR SUMMARY AFFIRMANCE THAT THE BANKRUPTCY COURT**
**ORDER STRIKING THE PLEADING FILED, WITHOUT LICENSED COUNSEL, BY**
**ADVANTAGE HEALTHPLAN, INC.**

        This matter came before the Court on the Motion by Appellees, Pillsbury Winthrop Shaw

Pittman LLP and Patrick J. Potter, Solely in his Capacity as Former Plan Agent (for convenience,

collectively "Pillsbury"), for Summary Affirmance of That Certain Bankruptcy Court Order

Striking the Pleading Filed, Without Licensed Counsel, by Advantage Healthplan, Inc. (the

"Striking Order").

        **Findings of Fact**

        A.        Advantage Healthplan, Inc. ("Advantage") was a creditor in the Greater Southeast

Hospital (the "Hospital") chapter 11 bankruptcy proceeding.  Prior to confirmation of the chapter

11 plan, Advantage was a member of the official creditors' committee ("OCC").  Since

confirmation of the plan, Advantage has been (and remains) a member of the so-called "Plan

Committee."

B.     The owner of Advantage is Elliot Wolff.  Mr. Wolff was not a creditor of the Hospital.  Mr. Wolff was the representative for Advantage participating on the OCC and the Plan Committee.  Mr. Wolff did not participate in the Hospital case nor did he sit on either committee in his individual capacity.

C.     On December 19, 2007, Advantage filed a pleading with the Bankruptcy Court (the "Advantage Objection").

D.     On December 20, 2007, Pillsbury filed its Response and Motion to Strike (the "Motion to Strike").  Pillsbury argued that the Court should strike the Advantage Objection because Advantage is a corporation and its objection was not signed by a licensed attorney, as required by applicable law.

E.     A hearing on the Motion to Strike was not conducted, and there is no transcript with respect to the resolution of the motion.  Instead, on the morning of December 21, 2007, the Court entered the Striking Order striking the Advantage Objection "in its entirely because it was not filed by a licensed attorney authorized to practice before the Court."

F.     On  December 31, 2007, Advantage filed its notice of appeal of the Striking Order.

**Conclusions of Law**

1.     The standard applicable to the Court's review of the Striking Order is *de novo*. The sole question is whether, as a matter of law, Judge Teel committed error in striking a pleading filed for a corporation by a person who is not a licensed attorney.

2.     According to the United States Supreme Court:

> It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel. *Osborn* v. *President of Bank of United States*, 22 U.S. 738, 9 Wheat. 738, 829, 6 L. Ed. 204 (1824); see *Turner* v.

*American Bar Assn.*, 407 F. Supp. 451, 476 (ND Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel), affirmance order *sub nom. Taylor* v. *Montgomery*, 539 F.2d 715 (CA7 1976), and aff'd *sub nom. Pilla* v. *American Bar Assn.*, 542 F.2d 56 (CA8 1976). As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney. See, *e. g., Eagle Associates* v. *Bank of Montreal*, 926 F.2d 1305 (CA2 1991) (partnership); *Taylor* v. *Knapp*, 871 F.2d 803, 806 (CA9) (nonprofit corporation formed by prison inmates), cert. denied, 493 U.S. 868, 107 L. Ed. 2d 146, 110 S. Ct. 192 (1989); *Jones* v. *Niagara Frontier Transportation Authority*, 722 F.2d 20, 22 (CA2 1983) (corporation); *Richdel, Inc.* v. *Sunspool Corp.*, 699 F.2d 1366 (CA Fed. 1983) (*per curiam*) (corporation); *Southwest Express Co.* v. *ICC*, 670 F.2d 53, 55 (CA5 1982) *(per curiam)* (corporation); *In re Victor Publishers, Inc.*, 545 F.2d 285, 286 (CA1 1976) *(per curiam)* (corporation); *Strong Delivery Ministry Assn.* v. *Board of Appeals of Cook County*, 543 F.2d 32, 34 (CA7 1976) *(per curiam)* (corporation); *United States* v. *9.19 Acres of Land*, 416 F.2d 1244, 1245 (CA6 1969) *(per curiam)* (corporation); *Simbraw, Inc.* v. *United States*, 367 F.2d 373, 374 (CA3 1966) *(per curiam)* (corporation). Viewing § 1915(d) against the background of this tradition, its assumption that litigants proceeding *in forma pauperis* may represent themselves tells us that Congress was thinking in terms of "persons" who could petition courts themselves and appear *pro se*, that is, of natural persons only.

Rowland v. California Men's Colony, 506 U.S. 194, 202-03 (1993) (footnote omitted).

3.    The Advantage Objection was filed for a corporation and that the person filing it, Mr. Wolff, is not an attorney licensed to practice in this Federal District.

4.    The Bankruptcy Court properly applied the principal articulated in Rowland to strike the Advantage Objection.

5.    The Bankruptcy Court did not commit any legal or reversible error with respect to the Striking Order.

6.      The Striking Order is affirmed and the appeal of that order is hereby dismissed.

7.      Any finding of fact shall be deemed as such even if termed a conclusion of law and any conclusion of law shall be deemed such even if termed a finding of fact.

8.      Pursuant to Pillsbury's request, the Court finds that the appeal of the Striking Order by Advantage is, for Federal Bankruptcy Rule 8020 purposes and otherwise, frivolous. The Court retains jurisdiction to administer appropriate relief upon further motion by Pillsbury.


IT IS SO ORDERED.


Dated: _____ ____, 2008          _____

                                          Honorable Colleen Kollar-Kotelly
                                          United States District Court Judge