**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| Advantage Healthplan Inc., | ) |
| | ) |
| Appellant, | ) |
| | ) |
| vs. | ) |
| | ) |
| The Plan Committee, | )    Case No. 08-166 |
| Pillsbury Winthrop Shaw Pittman LLP, | ) |
| and Patrick J. Potter, Solely in His | ) |
| Capacity as Former Plan Agent, | ) |
| | ) |
| Appellees. | ) |
_____)

**SUPPLEMENTAL STATEMENT REGARDING PILLSBURY'S CONSENT TO
THE MOTION FOR EXTENSION OF TIME AND RESERVATION OF RIGHTS**

Appellees, Pillsbury Winthrop Shaw Pittman LLP and Patrick J. Potter, Solely in his

Capacity as Former Plan Agent (for convenience, collectively "Pillsbury"), respectfully submit

this Supplemental Statement ("Supplement") Regarding its Consent to the Motion for Extension

of Time ("Consent Motion") and Reservation of Rights.  Subsequent to the filing of the Consent

Motion, new information came to Pillsbury's attention as set forth below, and accordingly,

Pillsbury supplements its consent and reserves all rights.

1.      The Court will recall that Appellant Advantage Healthplan, Inc. ("Advantage") is

one of the two Plan Committee members, which committee entered into the settlement that is the

subject of this appeal.  The Court will also recall that in its Consent Motion, Advantage states

two grounds for relief, the first being the purported delay in obtaining a relatively short hearing

transcript (the hearing lasted approximately 1 hour on December 14,2 007) and the second being

that appellee "**Plan Committee is in the process of retaining counsel**."  See Consent Motion ¶

10 (emphasis supplied).  Pillsbury agreed to the Consent Motion based almost solely upon the

representation by Advantage *and its counsel* that the Plan Committee really was honestly engaged in the process of retaining new counsel.  Pillsbury's consent was not gratuitous, but a quid pro quo in which Advantage would gain time to brief its arguments, and with new counsel, the Plan Committee could defend this appeal as it is so obligated.[1]

2.      To Pillsbury's surprise, on February 13, 2008, the other Plan Committee member, Welcome Home, Inc. ("Welcome Home"), filed a pleading in the underlying bankruptcy case stating, "Welcome Home, Inc. has attempted to call a meeting of the Plan Committee in order for the Plan Committee to retain counsel to represent it in the Appeal.  Advantage [Healthplan Inc.] has ignored these requests."  See Response of Welcome Home ¶ 5.  A copy of the Response is attached as **Exhibit 1**.

3.      According to Welcome Home, Advantage is obstructing the Plan Committee's efforts to retain new counsel.  This is clearly a different story than that set forth by Advantage in its Consent Motion.

4.      Welcome Home's statements are significant in at least two respects.  First, Advantage's representation to this Court and the undersigned that "the Plan Committee is in the process of retaining counsel" was a significant predicate of the Consent Motion; certainly it was the primary basis of Pillsbury's consent.  Pillsbury has no desire to prolong the appellate process, but supports the Plan Committee having a fair opportunity to engage counsel to represent it in the appeal.  However, if it is true, contrary to the representations of Advantage and its counsel, that

---

[1]      The Plan Committee is a proper appellee and should defend the appeal.  See January 17, 2008 Transcript at 3 (Judge Teel:  "If I allow the withdrawal [of counsel], then you've got a Plan Committee that's still an appellee as far as I'm concerned.  I don't how they can't be an appellee.") (emphasis supplied).  A copy of the Transcript is attached as **Exhibit 2**.  Despite the fact that the Plan Committee is clearly an appellee, Advantage unilaterally omitted the committee from its caption and refuses to properly identify the Plan Committee as a party to this appeal.

Advantage is intentionally undermining the Plan Committee's efforts to retain new counsel (and therefore, to defend the appeal) Pillsbury hereby withdraws its consent to the Consent Motion and encourages the Court to set aside its order granting the Consent Motion. Advantage should not have the benefit of additional time gained by deceit.

5.      Second, if Advantage and its counsel intentionally misled the Court as to whether the Plan Committee really is "in the process of retaining counsel," when in fact Advantage is obstructing and preventing the Plan Committee from retaining counsel, and is doing so to gain some perceived competitive advantage in this appeal (by preventing the Plan Committee's participation), such conduct may be sanctionable. It could also be a violation of D.C. Rules of Professional Conduct 3.3 and 4.1, which imposes upon counsel a duty of candor toward tribunals (R. 3.3) and others (R. 4.1), since candor would have required disclosure to the Court that Advantage is in fact resisting the Plan Committee's efforts to retain counsel; meaning that the Plan Committee is actually *not* "in the process of retaining counsel."

6.      Advantage's conduct would be particularly egregious in light of the bankruptcy court's January 17, 2008 ruling permitting the Plan Committee's prior counsel to withdraw. Advantage was present at the hearing by counsel and by its representative, Elliot Wolff. During the hearing the bankruptcy court stated, "The agreement between the parties exposes the Plan Committee to the possibility of attorneys' fees if the appeal was not defended and if Shaw Pittman and Patrick Potter are put to the expense of having to do the work that the Plan Committee should have done to defend the appeal." January 17, 2008 Transcript at 4. The Court reiterated the point during its ruling. Id. at 8-10. If Welcome Home's statements are true, Advantage should not be permitted to benefit from its conduct and from concealing such conduct from this Court.

7.    If necessary, the Court should conduct a hearing or other appropriate inquiry to determine the factual basis for the assertion by Advantage and its counsel that the Plan Committee is in the process of retaining counsel; whether Advantage is in fact obstructing those efforts and failed to disclose such efforts to the Court and Pillsbury; and, if so, to determine the appropriate remedies.

8.    Pillsbury reserves its rights to seek appropriate relief, including sanctions, if Advantage has misled the Court and Pillsbury by engaging in the conduct asserted by Welcome Home, rather than taking measures to ensure that the Plan Committee in fact retains counsel.


Dated:  February 15, 2008                    Respectfully Submitted,

                                             /s/ Patrick Potter
                                             Patrick Potter (426514)
                                             Jerry Hall (976461)
                                             Pillsbury Winthrop Shaw Pittman LLP
                                             2300 N Street, NW
                                             Washington, DC 20037
                                             (202) 663-8000
                                             Counsel to Pillsbury

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 15, 2008, a copy of the foregoing was served on the following parties electronically or by regular U.S. Mail service:

Janet M. Nesse, Esq.
Stinson Morrison and Hecker LLP
1150 18th Street, NW
Suite 800
Washington, D.C. 20036

/s/ Patrick Potter
Patrick Potter

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

In re:                                              )
                                                    )
THE GREATER SOUTHEAST COMMUNITY                     )        Case No. 99-01159
HOSPITAL FOUNDATION, INC., et al.,                  )
                                                    )        Chapter 11
                Debtor                              )
_____            )
                                                    )
PATRICK J. POTTER and                               )
PILLSBURY WINTHROP SHAW PITTMAN LLP,                )
                                                    )
                Movants,                            )
                                                    )
v.                                                  )        Contested Matter
                                                    )
THE PLAN COMMITTEE,                                 )
                                                    )
                Respondent.s                        )
_____            )

## RESPONSE OF WELCOME HOME, INC. TO
## MOTION FOR DECLARATORY RELIEF
## FILED BY PILLSBURY WINTHROP SHAW PITTMAN LLP ("PWSP")

Welcome Home, Inc. by Stanley Zupnik, as its Corporate Designee, the sole disinterested

member of the Plan Committee, by and through its undersigned counsel, in response to the

Motion for Declaratory Relief Pursuant to 28 U.S.C. § 2201 and to Enforce Settlement

Agreement (the "Motion") filed by PSWP states as follows:

1.      On December 21, 2007, this Court entered an Order (the "December 21 Order")

approving a settlement of the claim of PWSP for legal fees incurred as counsel to the Plan

Committee.  The Plan Committee had previously approved the settlement.

2.      On December 31, 2007, Elliot Wolff as Advantage Health Plan, Inc.'s ("Advantage") Corporate Representative on the Plan Committee filed a Notice of Appeal of the December 21 Order.

3.      As set forth in both the Motion and the Objection filed by Advantage, the Plan Committee has not entered an appearance in the Appellate proceeding.

4.      At a hearing held January 17, 2008, on the Emergency Motion to Withdraw as Attorney to the Plan Committee filed by the Law Firm of Shulman Rogers Gandal Pordy and Eckard, P.A. ("Shulman Rogers"), the Parties addressed the issue of the need for the Plan Committee to be represented by counsel in the Appeal.  This Court then stated that the Appeal **"…ought to be defended on behalf of the Plan Committee until there are instructions to the contrary.  The agreement between the parties exposes the Plan Committee to the possibility of attorneys' fees if the appeal was not defended and if Shaw Pittman and Patrick Potter are put to the expense of having to do the work that the Plan Committee should have done to defend the appeal."**  (Transcript of January 17, 2008 hearing [Docket Entry 3398], a copy of which is attached as Exhibit 1, at page 4.)

5.      Welcome Home, Inc. has attempted to call a meeting of the Plan Committee in order for the Plan Committee to retain counsel to represent it in the Appeal.  Advantage has ignored these requests.  The By-Laws of the Plan Committee provide that if a member of the Plan Committee has a conflict of interest, that Committee Member may not vote on the issue in which it has a conflict.  However, this action must be taken at a Meeting of the Plan Committee. It is beyond obvious that Advantage has a conflict of interest and should be precluded from voting, or otherwise participating in the retention of counsel for the Plan Committee to represent

1686320.1

it in the Appeal.  However, Advantage refuses to agree to attend a meeting of the Plan

Committee which precludes the Plan Committee from retaining counsel.

6.      Consistent with its fiduciary obligations and this Court's statements at the January

17, 2008 hearing, Welcome Home, Inc., on behalf of the Plan Committee, desires to retain

counsel to represent the Plan Committee in the Appeal, and to pay a retainer to that counsel.

WHEREFORE, it is prayed that this Court, as part of any ruling on the Motion, authorize

Welcome Home, Inc., on behalf of the Plan Committee, to retain counsel to represent the Plan

Committee in the Appeal and to authorize and direct the Plan Agent to pay a retainer to that

counsel.

Dated:  February 13, 2008            /s/ Nelson C. Cohen
                                      Nelson C. Cohen (Bar No. 192344)
                                      Bruce Goldstein (Bar No. 5108)
                                      Zuckerman Spaeder LLP
                                      1800 M Street, N.W., Suite 1000
                                      Washington, DC  20036
                                      202-778-1886
                                      202-822-8106 (Fax)

3

## CERTIFICATE OF SERVICE

I, Nelson C. Cohen, hereby certify that on this 13th day of February, 2008, a copy of the foregoing RESPONSE OF WELCOME HOME, INC. TO MOTION FOR DECLARATORY RELIEF FILED BY PILLSBURY WINTHRUP SHAW PITTMAN LLP ("PWSP") has been sent by regular and certified U.S. mail, postage prepaid, to:

Janet M. Nesse, Esq.
Lawrence P. Block, Esq.
Stinson Morrison Hecker LLP
1150 18th Street, N.W., Suite 800
Washington, DC  20036

Patrick Potter, Esq.
Pillsbury, et al.
2300 N Street, N.W.
Washington, DC  20037

Morton Faller, Esq.
Steven Metz, Esq.
Shulman Rogers. et al.
11921 Rockville Pike, Suite 300
Rockville, MD  20852

Stanley Zupnik
Welcome Homes, Inc.
5530 Wisconsin Avenue, Suite 900
Chevy Chase, MD  20815

Clinton Jones
Clinton Jones & Associates
5335 Wisconsin Avenue, N.W., Suite 500
Washington, DC  20015

Office of the United States Trustee
115 S. Union Street, Suite 211
Alexandria, VA  22314

/s/ Nelson C. Cohen
Nelson C. Cohen

4

1686320.1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF COLUMBIA

```
- - - - - - - - - - - - - - - - - x
In Re:                            :
                                  :
The GREATER SOUTHEAST COMMUNITY   :
  HOSPITAL FOUNDATION, INC., and  :
  GREATER SOUTHEAST COMMUNITY     :
  HOSPITAL CORPORATION            :
                                  :
         Debtor                   : Case No. 99-01159
                                  :
         (Chapter 11)             :
                                  : Washington, D.C.
- - - - - - - - - - - - - - - - x January 17, 2008
```

EMERGENCY MOTION: (EXCERPT)
PRELIMINARIES AND COURT'S RULING
BEFORE THE HONORABLE S. MARTIN TEEL, JR.
UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

On behalf of the Plan Committee:
STEPHEN METZ, ESQ.

On behalf of Elliot Wolf and
Advantage Health Plan, Inc.
JANET NESSE, ESQ.
LARRY BLOCK, ESQ.

On behalf of Pillsbury Winthrop
Shaw Pittman, LLP:
PATRICK POTTER, ESQ.
JERRY HALL, ESQ.


Proceedings recorded by the Court, transcript produced
By Pro-Typists, Inc., 1012-14th Street, N.W., Suite 307,
Washington, D.C. 20005, 202-347-5395, www.pro-typists.com
B2313/bf

2

**P R O C E E D I N G S**

1

2          THE CLERK:  Next case will be Case 99-1159, the

3     Greater Southeast Community Hospital Corporation.  Matter

4     before the Court is the Emergency Motion to Withdraw as

5     Attorney to the Plan Committee or For Further Instructions,

6     filed by the Plan Committee.

7          If the parties would please come forward and

8     state your names for appearance.

9          MR. METZ:  Good afternoon, Your Honor.  Stephen

10    Metz on behalf of the Plan Committee.

11          MS. NESSE:  Good afternoon, Your Honor.  Janet

12    Nesse and Larry Block on behalf of Elliot Wolf and

13    Advantage Health Plan, Inc.  Mr. Wolf is also present.

14          MR. POTTER:  Good afternoon, Your Honor.  For the

15    record, Patrick Potter.  With me is my colleague, Jerry

16    Hall.  We're here for my law firm.

17          [BEGIN EXCERPTED PORTION]

18          THE COURT:  Mr. Potter, this isn't a proceeding

19    before the Court in which counsel in the midst of a trial

20    is asking for leave to withdraw where the Court has the

21    inherent authority to say no, you can't withdraw in the

22    midst of a trial.  This is a case of counsel saying, yes,

23    we went ahead and got Court approval on behalf of the Plan

24    Committee of the settlement we had negotiated on behalf of

25    the Plan Committee with Plan Committee members present, in

3

1   a settlement that was between the Plan Committee and the

2   other two parties, Shaw Pittman and Mr. Potter.

3          But what we're talking about is a separate

4   proceeding, which is the appeal.  The time for filing

5   briefs hasn't commenced.  It's not as though on the eve of

6   the hearing in the District Court counsel is asking to

7   withdraw.  I don't see any prejudice to the Plan Committee

8   in a theoretical sense if counsel is allowed to withdraw.

9   Counsel is not an indentured servant.

10          And I have held in the past that when an attorney

11  asks to be relieved from representing a party in a

12  bankruptcy case, even if it's just because they've taken an

13  intense dislike of the party, unless there's some prejudice

14  to the representation in the bankruptcy case because

15  something is ongoing that's going to make it necessary to

16  incur substantial expense or it may interfere with the

17  Court's own administration of the case, I've taken the

18  position counsel's free to withdraw.  And as Ms. Nesse

19  said, America's a free country.

20          If I allow the withdrawal, then you've got a Plan

21  Committee that's still an appellee as far as I'm concerned.

22  I don't how they can't be an appellee.  And if the Plan

23  Committee wants representation it can get new counsel.

24          The problem is, you've got the members at

25  loggerheads.  If Mr. Zupnick, who's the party who wants

1   the appeal to be defended, who wants the settlement

2   agreement to be upheld, wants there to be representation,

3   he's free to file a motion or pursue a proceeding somehow

4   to get the deadlock resolved.  And you've suggested in your

5   papers how that could be done.

6          But it seems to me that what I can say is

7   Shulman Rogers is free to withdraw if it -- at the same

8   time, I think that if it does not withdraw there is an

9   outstanding appeal that ought to be defended on behalf of

10  the Plan Committee until there are instructions to the

11  contrary.  The agreement between the parties exposes the

12  Plan Committee to the possibility of attorneys fees if the

13  appeal was not defended and if Shaw Pittman and Patrick

14  Potter are put to the expense of having to do the work that

15  the Plan Committee should have done to defend the appeal.

16         So it may be that I can instruct that if Shulman

17  Rogers does not withdraw, it is authorized to continue to

18  represent the Plan Committee consistent with the Plan

19  Committee's instruction to settle, which I think includes

20  defending any appeal of that settlement.  I think it's

21  implicit and I can so declare.  But I'm thinking that

22  there's no way that I can say that the law firm absolutely

23  has to stay in the case, it has to defend the appeal

24         I can give instructions that it is free to

25  continue to represent the Plan Committee consistent with

1  the Plan Committee's having agreed to the settlement, which

2  implicitly carries with it an instruction to counsel to

3  defend any appeal attempting to set aside the settlement.

4  This is the unusual case of a settlement agreement having

5  been reached by the Plan Committee and now one of the Plan

6  Committee members wants to try to walk away from it, the

7  other Plan Committee member is still in favor of it, and

8  there's a deadlock.

9         That's how I'm initially reacting to this. You're

10  free to try to persuade me to the contrary and if you have

11  something additional to add, I think we've pretty much

12  analyzed it.

13         MR. POTTER:  I don't have anything to add, Your

14  Honor.  I don't have anything to add.

15         THE COURT:  All right.

16         MR. POTTER:  Thank you, Your Honor.

17         THE COURT:  This is a hearing on the emergency --

18  is there anything else on behalf of Advantage and Mr. Wolf?

19         MS. NESSE:  Nothing, Your Honor.  Thank you.

20         THE COURT:  Nothing further, Mr. Metz?

21         MR. METZ:  Nothing further, Your Honor.

22         THE COURT:  This is a hearing on the emergency

23  renewed motion of Shulman Rogers Gandal Pordy & Ecker,

24  P.A., for immediate withdrawal of counsel to the Plan

25  Committee or for further instructions.

1             Shulman Rogers represented the Plan Committee in

2     negotiating a settlement that this Court approved.  And the

3     Court found, at a prior hearing, that the Plan Committee's

4     two members had authorized the settlement and after notice

5     of the proposed settlement, authorized the settlement.  One

6     of the members of the Plan Committee, despite the fact that

7     a settlement agreement had been reached, attempted to

8     oppose the motion to approve the settlement but failed to

9     hire counsel to make an appearance and oppose the approval

10    of the settlement.

11            That individual still is opposing the settlement

12    and has taken an appeal of the approval of the settlement,

13    and Shulman Rogers is concerned that if an appeal is

14    prosecuted and it's representing the Plan Committee, it's

15    not going to be able to get instructions from the Plan

16    Committee regarding the defense of the appeal and it faces

17    the prospect that the Plan Committee member who is opposed

18    to the settlement will refuse to approve any payment of

19    attorneys fees incurred by Shulman Rogers in defending

20    against the appeal.  That's a legitimate concern.  Unless

21    it can get some assurance of not having to get the Plan

22    Committee to act, it faces the prospect of having to file a

23    lawsuit to collect its fees, and it's desirous of avoiding

24    that type of future.

25            The settlement itself has been approved in this

1    Court.  The appeal has only recently begun and there's no
2    reason why new counsel could not be hired on behalf of the
3    Plan Committee and represent the Plan Committee in
4    defending the appeal.
5            Now, of course, the irony is that there is a
6    split within the Plan Committee between the two members
7    and, as a consequence, there isn't going to be any hiring
8    of new counsel unless somehow the loggerheads between the
9    two members of the Plan Committee is set aside by
10   appointing a trustee or a receiver or adding an additional
11   member to the Plan Committee, whatever is feasible under
12   non-bankruptcy law to resolve this disagreement between the
13   two members to get rid of this deadlock.
14           If Mr. Zupnick decides that he wants the appeal
15   to be defended but he can't hire new counsel because he
16   can't get the other Plan Committee member to agree to that,
17   he's free to pursue whatever proceedings are available
18   under non-bankruptcy law to break the deadlock so that the
19   Plan Committee can be represented on the appeal.
20           That's not a problem of Shulman Rogers' making.
21   It's a problem of the Plan Committee's making.  And Shulman
22   Rogers feels that it's caught in a crossfire and ought to
23   be allowed to withdraw when there is a prospect that it'll
24   have difficulty getting voluntary payment of its attorneys
25   fees and where it may not relish the thought it will have

1    to pursue the Plan Committee for a judgment to collect its

2    attorneys fees.  Nevertheless, I think that Shulman Rogers

3    is authorized to continue to represent the Plan Committee

4    as to the appeal, and if it desires to do so it's free to

5    do so.

6          The way it's been left is that the Plan Committee

7    approved a settlement.  I found that it approved the

8    settlement.  I denied a prior motion to withdraw on the

9    basis that the Plan Committee had approved a settlement and

10   that Shulman Rogers was the counsel who had been hired to

11   effectuate approval of the settlement agreement and

12   therefore it was authorized to continue representation of

13   the Plan Committee and that there was no need for

14   withdrawal.  It was not acting contrary to the interests of

15   the Plan Committee.

16         For the same reason, I think that it would not be

17   acting contrary -- and I find -- that it would not be

18   acting contrary to the interests of the Plan Committee if

19   it were to pursue the defense of the pending appeal.  It is

20   implicit in its having been instructed to secure approval

21   of the settlement agreement that it is also obligated --

22   unless its client indicates to the contrary -- that it is

23   obligated to defend the appeal on behalf of its client.

24   And its client faces exposure if the appeal is not

25   defended.

1          Paragraph 14 of the approved settlement

2  agreement, entitled "Further Assurances," provided that

3  each of the parties to the agreement, quote, "agree to

4  execute and deliver to the other party such other

5  documents, instruments and writings reasonably necessary to

6  effectuate this agreement, and shall undertake such other

7  actions to cause the consummation of the transactions

8  contemplated by this agreement," unquote.

9          It is true that the settlement amount has already

10 been paid to the other parties to the settlement agreement

11 -- Patrick Day Potter and his law firm, Pillsbury Winthrop

12 Shaw Pittman, LLP.  But that doesn't mean that the

13 transaction has been fully consummated.  Where there is an

14 appeal pending to attack the settlement and the settlement

15 might be set aside.  It's obvious that it may be necessary

16 for the Plan Committee to undertake the defense of that

17 appeal to cause the consummation of the transactions to

18 hold.  If the appeal results in a reversal because the Plan

19 Committee didn't defend, then the Plan Committee arguably

20 would be subject to attorneys fees that were incurred by

21 reason of its not taking to make the consummation stick.

22 So if the District Court were to reverse and an appeal were

23 taken to the Court of Appeals and the Court of Appeals were

24 to reverse the District Court you'd have an interim appeal,

25 the appeal that was taken to the District Court in which

1   attorneys fees were incurred by Shaw Pittman and Mr. Potter

2   because the Plan Committee didn't bother to defend in the

3   District Court and put Mr. Potter and his law firm to the

4   expense of being the sole entity defending the appeal.

5          So I think there are reasons why it's implicit in

6   the settlement agreement itself that the Plan Committee

7   obligated itself to defend any appeal of the settlement

8   agreement and it is implicit that the Plan Committee's

9   attorney who was assigned the responsibility by the Plan

10  Committee of getting the settlement agreement approved is

11  also authorized to defend the appeal on behalf of the Plan

12  Committee unless and until the Plan Committee, by agreement

13  of the Plan Committee members, instructs the Shulman Rogers

14  law firm to the contrary.

15         The Court will instruct that Shulman Rogers is

16  authorized to represent the Plan Committee in the appeal to

17  the District Court but, notwithstanding that, that Shulman

18  Rogers is free to withdraw from such representation.  There

19  has to be some deadline on Shulman Rogers making its

20  decision as to when it withdraws or decides not to

21  withdraw, and these bankruptcy appeals take some time

22  before they are fully underway in the District Court with

23  briefs.  I don't think there's any imminent brief due in

24  the District Court.  So far, we're talking about

25  designation of the record and statement of the issues on

 1    appeal in response to the Designation of the Record and

 2    Statement of Issues on Appeal filed by the appellants, so

 3    I'll fix 21 days as the deadline for Shulman Rogers to

 4    withdraw.  It's without prejudice to renewal of a request

 5    to withdraw upon a showing that the appeal has not

 6    progressed to the point where withdrawal would interfere

 7    with the Court's administration of the appeal.

 8            And it may be that such a withdrawal motion

 9    should be filed in the District Court because once the

10    appeal is docketed in the District Court I think that

11    that's the appropriate Court to address whether counsel may

12    be permitted to withdraw. At this juncture the issue can

13    be addressed by this Court and I'll allow 21 days for

14    Shulman Rogers to make its decision.

15            I need somebody to prepare the order.  Mr. Metz,

16    if your firm decides to withdraw and files a notice of

17    withdrawal, that ends the matter and I'll just grant the

18    motion, saying that you're authorized to withdraw if you

19    file such a notice.  But if you want to investigate the

20    possibility of continuing representation I'll need an order

21    saying that you got 21 days to make a decision, but it's

22    without prejudice to renewal of the motion upon a showing

23    that there's no prejudice to the administration of the

24    pending appeal by the Court.

25            MR. METZ:   (Inaudible).

12

1          THE COURT:  Thank you, sir.  Thank you, counsel.

2          THE CLERK:  All rise.  This Court stands in

3   adjournment.

4          (Whereupon, the proceedings were concluded.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

2

UNITED STATES OF AMERICA )
                         )      Case No. 99-01159
DISTRICT OF COLUMBIA     )

        I, PAUL R. CUTLER, do hereby certify that a recording of the foregoing proceedings in the above matter was duplicated from an original recording by the Office of the Clerk, United States Bankruptcy Court for the District of Columbia, and that said duplicate recording of the proceedings was transcribed under my direction to typewritten form.


                                      _____
                                          PAUL R. CUTLER

        I do hereby certify that the foregoing transcript was typed by me and that said transcript is a true record of the recorded proceedings to the best of my ability.


                                        _____
                                        BONNIE FURLONG