UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Advantage Healthplan Inc., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | |
| ) | |
| The Plan Committee, ) | Case No. 08-166 |
| Pillsbury Winthrop Shaw Pittman LLP, ) | |
| and Patrick J. Potter, Solely in His ) | |
| Capacity as Former Plan Agent, ) | |
| ) | |
| Appellees. ) | |

**SECOND SUPPLEMENTAL STATEMENT
REGARDING PILLSBURY'S CONSENT TO
THE MOTION FOR EXTENSION OF TIME AND RESERVATION OF RIGHTS**

Appellees, Pillsbury Winthrop Shaw Pittman LLP and Patrick J. Potter, Solely in his Capacity as Former Plan Agent (for convenience, collectively "Pillsbury"), respectfully submit this Second Supplemental Statement regarding the Consent Motion.[1]

1. On February 15, 2008, Pillsbury filed its first supplement. Pillsbury stated that the February 13, 2008 Response filed by Welcome Home, Inc. appears to contradict a representation by Advantage Healthplan Inc. in the February 5, 2008 Consent Motion that appellee "Plan Committee is in the process of retaining counsel." See Consent Motion ¶ 10.

2. It appears that the February 13, 2008 statements by Welcome Home were correct, and that as of neither February 5, 2008 nor February 13, 2008, was the Plan Committee in the process of retaining counsel, inasmuch as the Plan Committee had not determined, as of those

dates, that it would retain any counsel.  At a February 15, 2008 hearing held before the bankruptcy court, Advantage, by its counsel, addressed Welcome Home's response for the first time.  During the hearing Advantage acknowledged and agreed that Welcome Home, on behalf of the Plan Committee, is authorized to retain counsel to defend the appeal.  Advantage also acknowledged that because of its conflict, it would not take part in the counsel selection process.

3. The record was made clear that the February 15, 2008 hearing was the first time Welcome Home was made aware by Advantage that it did not object to the Plan Committee retaining counsel.  The matter was confirmed by counsel for Welcome Home and Advantage on the record more than once (perhaps owing to their surprise) and the Plan Committee members agreed to evidence such authorization in an order of the bankruptcy court.

4. The statements at the February 15, 2008 hearing confirmed what Pillsbury suspected.  Advantage's statement that the "Plan Committee is in the process of retaining counsel" as of February 5, 2008 was not accurate.  A Plan Committee decision to retain counsel had not been made.  And, it appears that Advantage (by its inaction and unresponsiveness to Welcome Home) was undermining the Plan Committee from defending the appeal; taking a different course of action only after being pressed by Welcome Home, Pillsbury and the Bankruptcy Court, through the bankruptcy process, to do so.

---

Footnote continued from previous page

[1]   Initially capitalized terms not otherwise defined have the meanings given them in Pillsbury's Supplemental Statement Regarding Pillsbury's Consent to the Motion for Extension of Time and Reservation of Rights.

Dated:  February 18, 2008                                    Respectfully Submitted,

/s/ Patrick Potter
Patrick Potter (426514)
Jerry Hall (976461)
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, NW
Washington, DC 20037
(202) 663-8000
Counsel to Pillsbury

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2008, a copy of the foregoing was served on the following parties electronically or by regular U.S. Mail service:

Janet M. Nesse, Esq.
Stinson Morrison and Hecker LLP
1150 18th Street, NW
Suite 800
Washington, D.C. 20036

/s/ Patrick Potter
Patrick Potter

3