UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Advantage Healthplan Inc., | ) | |
| Appellant, | ) ) ) | |
| vs. | ) ) | |
| The Plan Committee, Pillsbury Winthrop Shaw Pittman LLP, and Patrick J. Potter, Solely in His Capacity as Former Plan Agent, | ) ) ) ) ) ) | Case No. 08-166 |
| Appellees. | ) ) | |

**PILLSBURY'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY AFFIRMANCE**

This matter is before the Court on the Motion of Appellees, Pillsbury Winthrop Shaw Pittman LLP and Patrick J. Potter, Solely in his Capacity as Former Plan Agent (for convenience, collectively "Pillsbury"), for Summary Affirmance and the Opposition of Advantage thereto.

**The Motion for Summary Affirmance**

1.      Pillsbury filed the Motion on February 7, 2008. In the Motion, Pillsbury stated the following undisputed facts: (i) Advantage Helathplan Inc. is a corporation; (ii) Advantage filed the Advantage Objection (defined in the Motion) on December 19, 2007; (iii) the Advantage Objection was not signed by a licensed attorney; (iv) Advantage was not represented in the case by a licensed attorney; (v) Pillsbury filed a Motion to Strike the Advantage Objection; and (vi) the bankruptcy court entered an Order striking the Advantage Objection. See Motion ¶¶ 3-5.

2.      The law is clear that a corporation must be represented in federal courts by counsel. See Motion ¶ 8.

**The Opposition**

3.      Advantage filed its Opposition on February 19, 2008.  The Opposition did not dispute any of the facts set forth above in paragraph 1.  Moreover, the Opposition did not dispute the law cited by Appellees.

4.      The Opposition asserts that "Notice of the settlement pursuant to Fed. R. Bankr. P. 9019 did not go out to creditors on December 14, 2007 as instructed by the [bankruptcy] Court. . . .  This deficient notice was never sent out to creditors."  Opposition at ¶ 14.

5.      The Opposition argues that the bankruptcy court should not have granted the Motion to Strike because of "unusual circumstances" surrounding the 9019 settlement.  See id. at 7.  However, the Opposition does not cite any law that supports the proposition that an exception to the rule exists pursuant to which courts must allow corporations to appear through representatives rather than licensed counsel.

6.      The Opposition also states that by striking the Advantage Objection the bankruptcy court did not afford Elliot Wolff an opportunity to be heard.  Id. at 7, 9.  But Mr. Wolff is not a creditor or party in the case (about which more below).

7.      The Opposition also stresses that bankruptcy courts have an independent duty to review settlements, though it cites no law for the proposition that any such duty mitigates the obligation of corporations to be represented by licensed counsel.  Id. at 8.

**The Reply**

8.      The Opposition does not quarrel with the correctness and applicability of the law set forth in the Motion.  Indeed the Opposition concedes as much.  See id. at 8-9 (citing case in which court dismissed complaint filed by organization without counsel).

9. The Opposition incorrectly and misleadingly asserts that the December 14, 2007 notice of the settlement hearing did not go out to creditors. In fact, that notice was sent to Mr. Wolff (at the email address he uses in connection with Advantage's participation on the Plan Committee – i.e., erwolff@ahealthplan.com), among others, by email on December 14, 2007 at 6:40 p.m. Advantage did not attach this notice to the Opposition. A copy of the December 14, 2007 notice is attached as **Exhibit 1**.

9. The Opposition cites no case where unusual or difficult circumstances compelled a court, as a matter of law, to permit a corporation to proceed without counsel. In fact, the argument is undermined by the very cases the Opposition cites. See Point of Wisdom v. United States, 1996 WL 149374 at *1 (D.D.C. 1996) (concluding that Point of Wisdom must proceed with counsel "even though the organization may not have sufficient funds to retain the services of an attorney, and even though Fields, as the director of the organization, is closely associated with it").

10. Mr. Wolff was never deprived of the opportunity to be heard. The undisputed facts, vis-à-vis Mr. Wolff in his individual capacity, do not give rise to any theoretical exception to the rule, applied by the bankruptcy court, that *Advantage* was required to file pleadings through licensed counsel.

- First, Mr. Wolff, individually, is not a creditor in the case and has no relation to it other than as president of Advantage. Thus, Mr. Wolff, individually, lacked any standing to be heard.

- Second, Mr. Wolff did not seek to be heard in an individual capacity. In other words, he did not file the stricken pleading in his own name seeking to be heard by the court.

- Third, Mr. Wolff has been aware of the events of the bankruptcy proceeding since 1999. He long ago made the decision against engaging his personal counsel in the case.

- Fourth, Mr. Wolff possessed a week's notice of the December 21, 2007 hearing. See Exhibit 1. That was more than sufficient time for him to hire a personal lawyer. Indeed, while not relevant to the issue of whether Advantage is relieved from appearing through counsel, upon information and belief, Mr. Wolff spoke with counsel prior to December 14th.

- Fifth, Mr. Wolff was aware of alleged disagreements within the Plan Committee on or about December 10, 2007. If he believed he needed personal counsel to represent some alleged personal interest, he should have done so at that time. Again, Pillsbury believes he tried.

11. Also, Advantage (who is a creditor and member of the Plan Committee) was never deprived of the opportunity to be heard. Again, the undisputed facts, vis-à-vis Advantage, do not give rise to any theoretical exception to the rule, applied by the bankruptcy court, that Advantage was required to file pleadings through licensed counsel.

- First, Advantage has been aware of the events of the bankruptcy proceeding since 1999. Advantage long ago made the decision against engaging its won counsel in the case.

- Second, Advantage received a week's notice of the December 21, 2007 hearing. See Exhibit 1. That was more than sufficient time for Advantage to hire lawyer. Indeed, while not relevant to the issue of it is relieved from appearing through

4

counsel, upon information and belief, Advantage spoke with counsel prior to December 14th.

- Third, Advantage was aware of alleged disputes within the Plan Committee on or about December 10, 2007.  If it believed it needed counsel to represent its corporate interests in the case, it should have done so at that time.

12. The bankruptcy court's duty to review settlements is irrelevant to the obligation of Advantage appear through counsel in the federal courts.  Regardless, Pillsbury disagrees with Advantage's suggestion that the bankruptcy court did not fulfill its duty; there is absolutely no evidence in the record to support any such finding.  At the appropriate time, Pillsbury will elaborate upon how and why the bankruptcy court correctly approved the settlement agreement.  To address such issues now unnecessarily detracts from resolution of the simple and sole issue at hand – whether the bankruptcy court erred by striking Advantage's objection where it was not signed by an attorney licensed to practice in the federal courts of this District

WHEREFORE, for the foregoing reasons and for such other reasons as the Court deems appropriate, Pillsbury requests that the Court enter an Order affirming the Striking Order.  In addition, Pillsbury requests that the Court make a finding that the appeal of the Striking Order by Advantage is frivolous (for purposes of Bankruptcy Rule 8020 and otherwise),[1] and that the Court retain jurisdiction to administer appropriate relief upon further motion by Pillsbury.

---

[1] Imposition of sanctions for a frivolous appeal is a two-step process; the court (1) determines that the appeal is frivolous, and (2) considers whether sanctions are warranted.  See e.g., Lorentzen v. Anderson Pest Control, 64 F.3d 327 (7th Cir. 1995).  If the court determines that the appeal is frivolous, then Pillsbury will request that sanctions be awarded (unless the Court imposes sanctions on its own, which the Rule permits).  This is the two-step process that the Rule contemplates and that Pillsbury is requesting.  Advantage's three-step process: (1) litigate the appeal; (2) determine whether the appeal is frivolous; and then (3) request sanctions,

Footnote continued on next page

Dated: February 21, 2008                    Respectfully Submitted,

/s/ Patrick Potter
Patrick Potter (426514)
Jerry Hall (976461)
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, NW
Washington, DC 20037
(202) 663-8000
Counsel to Pillsbury

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2008, a copy of the foregoing was served on the following parties electronically or by regular U.S. Mail service:

Janet M. Nesse, Esq.
Stinson Morrison and Hecker LLP
1150 18th Street, NW
Suite 800
Washington, D.C. 20036

/s/ Patrick Potter
Patrick Potter

---

Footnote continued from previous page

is neither efficient or supported by the text of the Rule. In either event, Pillsbury clearly has not requested that the Court impose sanctions, as Advantage suggests in its Opposition.

6

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re:  The Greater Southeast Community Hospital Foundation, Inc., et al. (Members Of the Greater Southeast Healthcare System), <br><br>　　　　　　　Debtors. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 99-01159 <br> (Chapter 11) <br><br> Jointly Administered |

## NOTICE OF HEARING AND OBJECTION DEADLINE
## Hearing Date & Time:  December 21, 2007 at 10:30 A.M.
## Objection Filing and Receipt Deadline:  December 19, 2007 at 5:00 P.M.

To all creditors and parties in interest, please take notice of the following:

1.　　This Notice is issued by Movants[1] in connection with the ongoing fee dispute (the "**Dispute**") between the Plan Committee and Movants.  The pleadings relating to the Dispute are a matter of record and may be viewed at the Clerk's Office or on the Court's ECF website.

2.　　On **December 14, 2007**, the Court conducted certain hearings (collectively, the "**Hearing**").  The initial portion of the Hearing was not conducted under seal; a subsequent portion of the Hearing, including witness testimony, was conducted under seal; and, thereafter, the final portion of the Hearing was not conducted under seal.

3.　　At the conclusion of the Hearing, the Court made certain findings and instructed the parties to forthwith memorialize those findings in an order.  Movants anticipate that the proposed order will be submitted by Monday, December 17, 2007, and may be inspected when it is docketed.  Based upon the comments of the Court on the record at the Hearing, Movants anticipate the order will include various findings and conclusions that the Plan Committee and Movants have agreed upon all the material terms necessary to reach a settlement of the Dispute (the "**Settlement**").  Movants anticipate the order based on the Hearing will be entered on or about **Monday, December 17, 2007**.

4.　　It appearing that the Plan Committee and Movants have agreed to the Settlement, the Court authorized issuance of this notice of a hearing at which the parties will further present the actual terms of the Settlement (the "**Settlement Terms**") to the Court.  The hearing on Settlement Terms will occur on **Friday, December 21, 2007, at 10:30 a.m.**

---

[1]　　**Movants**" are Patrick J. Potter, solely in his capacity as former Plan Agent ("**FPA**") and Pillsbury Winthrop Shaw Pittman LLP ("**PWSP**")

5.	Movants anticipate that a motion and ancillary papers fully describing the details of the Settlement Terms will be filed and served on **Monday, December 17, 2007**. Said motion and papers will be filed electronically and may be viewed at the Clerk's Office or on the Court's ECF website. Upon written request, copies may be obtained by the undersigned.

6.	Creditors and parties in interest with inquiries regarding the Settlement Terms may, at any time, contact counsel for the Movants in writing for a general description of the Settlement.

7.	<u>Objections, if any, to the Settlement Terms shall be filed and received by the undersigned and by counsel to the Plan Committee no later than **5:00 p.m. on Wednesday, December 19, 2007.** Failure to comply may result in the Court entering an order approving the Settlement Terms, with our without a hearing on December 21, 2007. Furthermore, Movants will request that the Court disregard and overrule the objections of any objectors who fail to attend the December 21, 2007 hearing with testimony/evidence to support their objections</u>.

Dated:  December 14, 2007	Respectfully Submitted,

/s/ Patrick Potter_____
Patrick Potter
Jerry Hall
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, NW
Washington, DC 20037
(202) 663-8000
For the Movants