**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

Advantage Healthplan Inc.,                                      )
                                                                )
                                    Appellant,[1]               )
                                                                )
vs.                                                             )
                                                                )
The Plan Committee,                                             )          Case No. 08-166
Pillsbury Winthrop Shaw Pittman LLP,                            )
and Patrick J. Potter, Solely in His                            )
Capacity as Former Plan Agent,                                  )
                                                                )
                                    Appellees.                  )
_____)

**RESPONSE OF PILLSBURY TO APPELLANT'S**
**OBJECTION TO PILLSBURY'S DESIGNATION OF RELATED CIVIL CASES**

        Appellees, Pillsbury Winthrop Shaw Pittman LLP and Patrick J. Potter, Solely in his

Capacity as Former Plan Agent (for convenience, collectively "Pillsbury"), respectfully submit

this Response to Appellant's Objection to Designation of Related Civil Cases.

        This Response provides the following:  (i) an unequivocal statement that Pillsbury is not

asking for the case to be reassigned; the reasons for having filed the Related Case Notice; the

objections should be overruled;

        1.      On January 30, 2008, Pillsbury filed its Notice of Designation of Related Civil

Cases in this United States Court (the "Related Case Notice").

        2.      Pillsbury filed the Related Case Notice for two reasons:

---

[1]      For reasons that are unclear to Pillsbury and that have never been explained in the bankruptcy
proceedings, Elliot Wolff, individually, has been designated as an appellant.  Mr. Wolff, individually, has
absolutely no standing in these proceedings.  Mr. Wolff was not a party in any proceeding before the
bankruptcy court at any time.  He is not a creditor in the bankruptcy case.  In his individual capacity Mr.
Wolff never appeared or filed pleadings in the bankruptcy proceeding.  This is true generally and
specifically with respect to the two orders on appeal with this Court.

a.     First, the subject matters of the two cases are, in fact, related.  As Advantage points out in its Objection, the orders on appeal "related to a dispute concerning attorneys fees."  See e.g., Objection at ¶ 2.  Advantage knows, but does not tell the Court, that virtually all of those attorneys fees were incurred by Pillsbury in connection with its efforts to assist the Plan Committee in salvaging its cause of action, before Judge Hogan, against PwC in Case Number 1:20CV01487(TFH) (the "PWC case").  Pillsbury is perfectly comfortable with any judge in this District reviewing Judge Teel's determinations, in this appeal, as to what he believes is best for the Greater Southeast Hospital bankruptcy estate.  However, there is some logic to the notion that since Judge Hogan is familiar with the bases for his dismissal order in the PwC case, Judge Hogan might more readily understand the challenges Pillsbury faced assisting the Plan Committee in resuscitating its lawsuit against PwC; which challenges gave rise to the legal fees that were at issue in the court below.  These types of connections between two cases are presumably why the Related Case Notice form exists.

b.     Second, Pillsbury places a premium on full disclosure and candor.  Pillsbury maintains that it was more prudent to file the Related Case Notice so that the Court is aware of the PwC case and that the fees at issue here arose from services rendered by Pillsbury in an effort to revive the PwC case, than to have the Court, on its own, find out later and inquire as to why neither party filed a Related Case Notice.

3.     Furthermore, for reasons that are unclear to Pillsbury, Advantage emphasizes, against its own interests and those of the Plan Committee, that the PwC case before Judge Hogan is "closed," and that the case is not "still pending on the merits."  While Pillsbury has no stake in that litigation, Pillsbury submits that Advantage's description of the PwC case is neither complete nor fair; that to somehow argue that the PwC case is anything other than technically

closed is misleading.  The complaint there was dismissed by Judge Hogan "without prejudice," and subsequently, the Plan Committee filed, among other things, an amended complaint. Furthermore, in response to a *sua sponte* order from Judge Hogan, the parties have submitted briefing as to whether the Plan Committee's amended complaint should be allowed.  There is no dispute that these matters remain under advisement for decision by Judge Hogan.  That being the case, for Advantage to state to this Court that there are not matters in PwC that that are "still pending on the merits" is deceiving.

4.      Because (a) there are facts common to the fees at issue here and the PwC litigation before Judge Hogan; (b) full disclosure and candor warranted Pillsbury's filing the Related Case Notice; and (c) the case before Judge Hogan is alive, with matters currently under advisement, the Objection of Advantage in this case should be overruled by this Court.

5.      In its prayer for relief, Advantage requests that the Court rule "that this case was properly assigned."  Pillsbury has no objection to the Court determining that this case was properly assigned.  Pillsbury has never stated that the case was not properly assigned; nor does it do so now.  However, there is no request pending before the Court for a ruling that the case was not properly assigned.  Indeed, in the absence of Advantage's Objection, Pillsbury anticipated that the Court would rule on the pending Summary Affirmance Motion, as well as any other motions and matters brought before the Court.  Accordingly, the Court could equally decline to act on the Objection of Advantage.

Wherefore, Pillsbury requests that the Court overrule the Objection of Advantage and that the Court either (i) decline to otherwise act on the Objection or (ii) rule that the case was properly assigned.

Dated:  February 21, 2008                    Respectfully Submitted,

                                             /s/ Patrick Potter
                                             Patrick Potter (426514)
                                             Jerry Hall (976461)
                                             Pillsbury Winthrop Shaw Pittman LLP
                                             2300 N Street, NW
                                             Washington, DC 20037
                                             (202) 663-8000
                                             Counsel to Pillsbury

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 21, 2008, a copy of the foregoing was served on the following parties electronically or by regular U.S. Mail service:

Janet M. Nesse, Esq.
Stinson Morrison and Hecker LLP
1150 18th Street, NW
Suite 800
Washington, D.C. 20036

/s/ Patrick Potter
Patrick Potter