## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————
)
Advantage Healthplan Inc.,          )
)
           Appellant,     )
)
vs.           )
)
The Plan Committee,        )     Case No. 08-166
Pillsbury Winthrop Shaw Pittman LLP,  )
and Patrick J. Potter, Solely in His    )
Capacity as Former Plan Agent,    )
)
           Appellees.    )
———————————————————)

## MOTION OF PILLSBURY TO STRIKE ELLIOT WOLFF AS "APPELLANT"

Appellees, Pillsbury Winthrop Shaw Pittman LLP and Patrick J. Potter, Solely in his Capacity as Former Plan Agent (for convenience, collectively "Pillsbury"), respectfully submit this Motion to Strike Elliot Wolff as "Appellant" (the "Motion").

1. Before the Court is an appeal that involves only two orders of the bankruptcy court.

a. The first is an order striking (the "Striking Order") a pleading that was filed on or about December 19, 2007, by Advantage Healthplan Inc. ("Advantage"). The Striking Order was entered in response to a motion seeking such relief filed by Pillsbury.

b. The second is an order approving a settlement (the "Settlement Order") reached among the Plan Committee, Pillsbury Winthrop, and Patrick Potter (Solely as Former Plan Agent). The Settlement Order was entered in response to a joint motion filed by the Plan Committee and Pillsbury.

2.      Elliot Wolff, individually, was not a party to either the litigation/proceedings giving rise to the Striking Order or the litigation/proceedings giving rise to the Settlement Order. As such, Mr. Wolff has no standing, in his individual capacity, to appeal either of those orders or to appear in these proceedings.

3.      Furthermore, Elliot Wolff, individually is not a creditor in the bankruptcy proceedings below.  And, Mr. Wolff is not a member of the Plan Committee; rather Advantage is a member of the Plan Committee.

4.      Because Mr. Wolff, individually, did not appear or participate in the litigation giving rise to these appeals, and because he is not, individually, a creditor or member of the Plan Committee, and because he has no other direct, legally cognizable interest in this appeal, Pillsbury submits that as a matter of law, he should be removed as a party to this appeal

Wherefore, Pillsbury requests that the Court grant this Motion and strike Elliot Wolff as an appellant.

Dated:  February 21, 2008                     Respectfully Submitted,

                                              /s/ Patrick Potter
                                              Patrick Potter (426514)
                                              Jerry Hall (976461)
                                              Pillsbury Winthrop Shaw Pittman LLP
                                              2300 N Street, NW
                                              Washington, DC 20037
                                              (202) 663-8000
                                              Counsel to Pillsbury

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 21, 2008, a copy of the foregoing was served on the

following parties electronically or by regular U.S. Mail service:

    Janet M. Nesse, Esq.
    Stinson Morrison and Hecker LLP
    1150 18th Street, NW
    Suite 800
    Washington, D.C. 20036

                    /s/ Patrick Potter
                    Patrick Potter