UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADVANTAGE HEALTHPLAN, INC. and ELLIOT R. WOLFF, <br><br>　　　　Appellants, <br><br>v. <br><br>PILLSBURY WINTHROP SHAW PITTMAN, LLP, *et al.*, <br><br>　　　　Appellees. | Civil Action No. 08-0166-CKK <br>(Appeal) <br><br>Bankruptcy No. 99-01159 <br>(Chapter 11) |

**REPLY MEMORANDUM OF APPELLEE, THE PLAN COMMITTEE
OF THE GREATER SOUTHEAST COMMUNITY HOSPITAL FOUNDATION,
*ET AL.*, IN SUPPORT OF JOINDER TO MOTION OF PILLSBURY
TO STRIKE ELLIOT WOLFF AS "APPELLANT"**

Appellee, The Plan Committee of The Greater Southeast Community Hospital Foundation, *et al.* (the "Plan Committee"), by counsel, hereby submits this reply memorandum in support of its joinder to the motion (the "Motion") of co-appellees, Pillsbury Winthrop Shaw Pittman LLP and Patrick J. Potter, for an order striking the appearance of Elliot Wolff as an appellant in this proceeding.

**A.　Wolff Lacks Standing to Appeal the Order of the Bankruptcy Court Approving Settlement**

Standing to appeal a ruling of a bankruptcy court is limited to a "person aggrieved" by that ruling. Travelers Ins. Co. v. H.K. Porter Co., Inc., 45 F.3d 737, 741 (3d Cir.1995). An appellant is a person aggrieved if the contested ruling *directly* affects the appellant's pecuniary interest. Travelers, 45 F.3d at 741; In re Fondiller, 707 F.2d 441, 442 (9th Cir. 1983). Standing does not exist unless a ruling *directly* "diminishes [appellant's] property, increases their burdens,

or impairs their rights."  In re Dykes, 10 F.3d 184, 187 (3d Cir. 1993)(citing Fondiller, 707 F.2d at 442).

Person aggrieved standing is a more restrictive and exacting standard than traditional constitutional standing, requiring a higher causal nexus between act and injury.  In re Coho Energy, Inc., 395 F.3d 198, 202-3 (5th Cir. 2004).  The person aggrieved doctrine was developed to aid judicial administration of bankruptcy matters, which often involve "the interests of persons who are not [formal] parties to the litigation," by limiting collateral appeals to those directly affected. Travelers, 45 F.3d at 741.  Courts have observed that, if standing were not limited to those directly affected, bankruptcy proceedings would be become "mired in endless appeals brought by the myriad of parties who are *indirectly* affected by every bankruptcy court order." Kane v. Johns-Manville Corp., 843 F.2d 636, 642 (2d Cir. 1988)(emphasis added); See also In re El San Juan Hotel, 809 F.2d 151, 154 (1st Cir. 1987)("This rule...is necessary to insure that bankruptcy proceedings are not unreasonably delayed by *protracted litigation that does not serve the interests of either the bankrupt's estate or its creditors*.")(emphasis added).

In the instant appeal, Wolff does not satisfy the test for a person aggrieved and therefore lacks standing because the bankruptcy court rulings did not directly affect Wolff's interests.  Wolff is not a creditor in the bankruptcy and therefore the approval of the settlement did not directly affect any pecuniary interest of his.  Likewise, the decision to strike an improper filing by an unrepresented corporation did not directly diminish *his* property, increase *his* burden, or impair *his* rights.[1]

---

[1]  Wolff' asserts that the bankruptcy court's ruling denied him the opportunity to object to the settlement.  First, Wolff's opportunity, or lack thereof, to object is immaterial because he has no appellate standing.  Quite simply, he was not a person aggrieved by the bankruptcy court's rulings, as discussed above.  Second, Wolff had no right to object to the settlement as an individual because he was not a creditor.  His only role in the case was as corporate representative of one of the Plan Committee members, and that status did not confer any right to object to the settlement as an individual.

Wolff's assertion that he has standing because the bankruptcy court's rulings "place him personally in significant legal peril," (App.'s Mem. Opp. Mot. Strike at p.4), is without merit. Courts have repeatedly held that this status, as a *possible* defendant in a future litigation, does not confer aggrieved person standing because the effect, if any, is indirect. Fondiller, 707 F.2d at 443; El San Juan Hotel, 809 F.2d at 155; Travelers, 45 F.3d at 742.

In the Fondiller case, the wife of a Chapter 7 debtor appealed the bankruptcy court's approval of the employment of special counsel to the trustee. Fondiller, 707 F.2d at 442. The trustee hired special counsel for the sole purpose of pursuing the appellant and her husband for assets allegedly concealed from the trustee. Id. at 443. Despite the near certainty that appellant would be sued as a result of the bankruptcy court's approval of special counsel's employment, the court of appeals found that appellant was not a person aggrieved. Id. ("Thus, appellant's only demonstrable interest in the order is as a potential party defendant...As such, she is not a "person aggrieved.").

In El San Juan Hotel, a former Chapter 7 trustee appealed the bankruptcy court's ruling that the federal government could prosecute a suit against the former trustee for alleged failures by the former trustee during the bankruptcy case. El San Juan Hotel, 809 F.2d at 152. The court of appeals affirmed the district court's dismissal of the appeal on two alternate grounds, one of which was that the appellant lacked standing as a person aggrieved because of his status as a party defendant. Id. at 155. ("...[A]ppellant, whose only interest is as a party defendant, likewise has no standing.")

In Travelers, the insurer for a Chapter 11 debtor appealed rulings of the bankruptcy court that allowed certain creditors, who had previously withdrawn or defaulted on their claims against the Debtor for property damage due to asbestos installation, to reinstate their claims and pursue

recovery from the debtor's insurance coverage.  <u>Travelers</u>, 45 F.3d at 738-739.  The court of appeals denied the insurer's standing because it was not "directly affected" by the orders of the bankruptcy court.  <u>Id.</u> at 742.  In so doing, the court stated that the prospect of being sued was too remote an interest to qualify for standing as a person aggrieved:

> We are satisfied that [the insurer] is not a "person aggrieved," as its interest is too contingent to have been "directly affected" by the order reinstating the claims against [the insured].
> *****
> Finally, we reject [the insurer's] contention that the contingency of its exposure is irrelevant to the question of standing.  We are satisfied that standing is precluded if the only interest in the bankruptcy court's order that can be demonstrated is an interest as a potential defendant in an adversary proceeding.  Such a person, here [the insurer], is not "aggrieved."

Id. at 742-3.

In this case, the specter of possible litigation is even fainter than in <u>Fondiller</u>, <u>El San Juan Hotel</u>, or <u>Travelers</u>.  No counsel has been hired to pursue Wolff, no court order has given specific permission for claims to be pursued against Wolff, and no potential plaintiff has manifested or threatened litigation against Wolff.  Wolff's alleged bases for being aggrieved are that his failure to proceed *could* result in legal action against him or that a creditor *could* assert a claim against him.  (App.'s Mem. Opp. Mot. Strike at p.4-5)(emphasis added).  Wolff's stated fear of amorphous claims that *might* be brought by unidentified plaintiffs falls far short of the direct affect needed for appellate standing.  Wolff is exactly the type of "marginal part[y] involved in bankruptcy proceedings who, even though they may be exposed to some potential harm incident to the bankruptcy court's order, are not "directly affected" by that order."  <u>Travelers</u>, 45 F.3d at 741.  Accordingly, this Court should dismiss Wolff as an improper appellant for lack of standing.

**B.      Wolff's Status, or Lack Thereof, as a Party in Interest is Irrelevant to Issue of Appellate Standing**

Wolff asserts that "there is no argument that Mr. Wolff is anything but an interested party" and that appellate standing is somehow linked to being a "party in interest" under Bankruptcy Code § 1109(b). (App.'s Mem. Opp. Mot. Strike at p. 5). While Wolff is clearly not a party in interest, status as a party in interest is immaterial because a party in interest does not have standing to appeal an order under Bankruptcy Code § 1109(b). In re Victory Markets, Inc., 195 B.R. 9, 15, (Bankr. N.D.N.Y. 1996)("Contrary to Appellant's interpretation, § 1109(b) does not confer appellate standing."); See also In re American Ready Mix, Inc., 14 F.3d 1497, 1501 (10th Cir.1994), cert. denied sub nom. Lopez v. Behles, 513 U.S. 818, 115 S. Ct. 77, 130 L.Ed.2d 31 (1994); In re Salant Corp., 176 B.R. 131, 134 (S.D.N.Y.1994). As detailed above, appellate standing depends on whether a party is aggrieved by the bankruptcy court ruling, not whether the appellant was a party in interest in the bankruptcy court.

**C.      Wolff's Claim of Standing Due to Impairment of the Integrity of the Bankruptcy Process is Specious**

Wolff claims that he has standing to appeal a ruling of the bankruptcy court as an individual, despite not being a creditor in the case or directly affected by the ruling, because the bankruptcy court *may* have undermined the confidence of the creditors and the public in the bankruptcy process. (App.'s Mem. Opp. Mot. Strike at p. 6). Wolff cites no basis for his standing to represent the creditors and the public who have allegedly become disillusioned with the U.S. Bankruptcy Courts due to Judge Teel's rulings. The lone legal authority cited by Wolff is inapposite, as the case concerns a preliminary bankruptcy court ruling on the hiring of possibly ethically conflicted counsel for the debtor that would possibly "affect the fairness of the entire

bankruptcy proceeding." <u>Century Indemnity Co. v. Congoleum Corp.</u>, 426 F.3d 675, 685 (3d Cir. 2005).

By contrast, Wolff appeals the settlement of a dispute over unpaid attorney's fees incurred by the Plan Committee long after confirmation of the plan.  This dispute did not affect the fairness of the entire bankruptcy proceeding because it affected only the Plan Committee and the unpaid attorneys in any direct way.  Furthermore, the dispute arose and was settled long after confirmation of the plan.  It did not and could not have affected the fairness of the entire bankruptcy proceeding because it the ruling occurred in December 2007, over 8 years after the filing of the bankruptcy case.  Wolff's arguments to the contrary are a mischaracterization of the size and significance of the settled dispute and, in any case, are immaterial because Wolff lacks appellate standing as a person aggrieved.

WHEREFORE, for the reasons set forth herein and in the Motion, the Plan Committee respectfully requests that the Court strike the appearance of Elliot Wolff as an appellant in this matter.

Date:  March 10, 2008	Respectfully submitted,

LEACH TRAVELL BRITT pc

/s/Stephen E. Leach
Stephen E. Leach (Bar No. 925735)

/s/D. Marc Sarata
D. Marc Sarata (Bar No. 489488)
8270 Greensboro Drive, Suite 1050
McLean, Virginia 22102
Telephone:  (703) 584-8902
Facsímile:  (703) 584-8901
E-mail:     sleach@ltblaw.com
E-mail:     msarata@ltblaw.com

Appellate Counsel to the Plan Committee