UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Advantage Healthplan Inc., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | |
| ) | |
| The Plan Committee, ) | Case No. 08-166 |
| Pillsbury Winthrop Shaw Pittman LLP, ) | |
| and Patrick J. Potter, Solely in His ) | |
| Capacity as Former Plan Agent, ) | |
| ) | |
| Appellees. ) | |

**REPLY OF PILLSBURY TO THE OPPOSITION OF ADVANTAGE
HEALTHPLAN INC. AND ELLIOT WOLFF TO PILLSBURY'S MOTION
TO STRIKE ELLIOT WOLFF AS AN IMPROPER PARTY**

Appellees, Pillsbury Winthrop Shaw Pittman LLP and Patrick J. Potter, Solely in his Capacity as Former Plan Agent (for convenience, collectively "Pillsbury"), filed this Reply to the Opposition of Advantage Healthplan Inc. ("Advantage") and Elliot Wolff ("Wolff") to the Motion to Strike Elliot Wolff as Appellant.

## I. Introductory Statement

Advantage and Wolff concede, as they must, the following fact statements contained in Pillsbury's Motion:

- Wolff was not and is not a creditor in the bankruptcy case below;

- Wolff himself is not a member of the creditors' committee;

- Wolff never appeared in the case below; and

- Wolff never filed an objection to anything that occurred below.

In contrast:

- Advantage is a creditor;

- Advantage is a member of the creditors' committee;

- Advantage appeared in the case below; and

- Advantage attempted to file an objection to matters below.

At all times during the proceedings below, Wolff acted through or on behalf of Advantage. The party with capacity, standing and aggrieved-party status is Advantage.

Rather amazingly, Wolff goes to great lengths in his Opposition to effectively pierce his own corporate veil protection (i.e., the corporate veil separating him from Advantage (the *real* creditor and actor in these proceedings) and Wolff).[1] He suggests, without legal authority, that other parties can somehow confer capacity, standing and aggrieved-party status upon Wolff (where no such status otherwise exists). In this regard he cites to pleadings and statements referencing "Wolff," which everyone involved in the proceeding knows were shorthand for Advantage (see e.g., the reference at page 6 of the opposition ("Advantage (Wolff)"). Plainly, Wolff (who it is undisputed is not a creditor or committee member) does not become a creditor of the debtor or creditors' committee member simply because someone refers to Wolff as shorthand for Advantage. This, together with Wolff's self-manufactured veil-piercing argument, is the long and short of the Opposition. The Court should overrule the Opposition, determine that Wolff lacks standing and is not a party, and strike Wolff as an appellant. Whereas known and currently-unknown harms will result from allowing a non-creditor non-party to remain as an

---

[1] To date, no one has remotely suggested that Advantage is liable for anything. And, no one has ever suggested that the corporate veil could or would be pierced to make Wolff liable for any debts of Advantage. These concepts are raised for the first time in this appeal, and they are being raised by Advantage and Wolff, not others.

2

appellant, no harm will result from striking Wolff as an appellant because Advantage (the creditor, objector and committee member), which Wolff controls, will be able to press its arguments for reversal on appeal.

## II. Reply Arguments

### A. Wolff Lacks Standing as a Party, a Person Aggrieved or a Party in Interest

In the Opposition, Advantage and Wolff concede that Wolff is not a party to these proceedings and do not contend otherwise. Nor could they. Instead, they attempt sleight of hand and contend that Wolff is an "person aggrieved" and entitled to appeal. See Opposition at 3-4. Then they contend that Wolff is entitled to appeal because he is a party in interest. Id. at 5. Advantage and Wolff are wrong, however; Wolff is not entitled to appeal in these proceedings.

First, corporations are distinct legal entities from their shareholders and officers. See e.g., Vuitch v. Furr, 482 A.2d 811, 815 (D.C. 1984); Harris v. Wagshal, 343 A.2d 283, 287 (D.C. 1975); Francis O. Day Co. v. Shapiro, 267 F.2d 669, 673 (D.C. Ct. App. 1959). Thus, Wolff does not obtain for himself Advantage's capacity, standing, and aggrieved-party status simply by virtue of being the president of Advantage.

Second, Pillsbury has discovered no case law suggesting that an officer or shareholder of a creditor corporation may, in his or her own name, appeal a bankruptcy order where the real party is the creditor corporation. On the contrary, the cases hold that only the corporation is aggrieved and has standing to appeal. See e.g., In re EToys, Inc., 234 Fed. Appx. 24 (3rd Cir. 2007) (unpublished) (president and sole shareholder of corporation lacked standing to appeal motion that was denied because corporation was not represented by counsel); Holta v. Zerbetz, 145 B.R. 637, 641 (9th Cir. BAP 1992) (sole shareholder of corporation that is in turn majority shareholder of debtor corporation does not have standing to appeal the court-ordered disposition

3

of debtor corporation's funds); In re DuPage Boiler Works, Inc., 965 F.2d 296, 298 (7th Cir.), cert. denied, 506 U.S. 954 (1992) (shareholder status does not confer standing to appeal a court-approved settlement); In re Dein Host, Inc., 835 F.2d 402 (1st Cir.1987) (holding that a director's status as shareholder in the corporation was insufficient to confer standing on the director); In re Central Ice Cream Co., 62 B.R. 357, 359 (N.D. Ill. 1986), (dismissing appeal by shareholders from an order approving a settlement agreement and holding that shareholders were not person aggrieved). These cases should be determinative of the issue, and Wolff should be stricken as an appellant due to his lack of capacity, standing and aggrieved-party status.

Third, it is no answer to assert, in a mere conclusory fashion, that Wolff possesses some alleged party-in-interest status. Assuming *arguendo* Wolff is a party-in-interest (he is not, however, since he is not a creditor, committee member, intervener, objecting party, etc.), such status is insufficient to confer standing to appeal. See e.g., In re Salant Corp., 176 B.R. 131, 134-5 (S.D.N.Y. 1994) (party in interest status insufficient to confer appellate standing).

    **B.**    **Wolff Failed to Object to the Settlement Agreement in Any Capacity**

Wolff, individually, did not object (or otherwise participate) in the bankruptcy court proceedings. Courts have held that failing to object results in the waiver of one's right to appeal. See In re Urban Broadcasting Corp., 401 F.3d 236, 246 (4th Cir. 2005) (affirming enforcement of order setting objection deadline which appellant missed and noting that such enforcement amounts to waiver of right to appeal). Having never once appeared in the proceedings below (which have been pending since 1999), Wolff should not be permitted to do so for the very first time in this appeal.

### C.    Wolff Cannot Raise an Argument for the First Time on Appeal

The law is well established that arguments may not be advanced for the first time on appeal.  See e.g., United States v. Gartmon, 146 F.3d 1015, 1029 (D.C. Cir. 1998); District of Columbia v. Air Florida, Inc., 750 F.2d 1077, 1084 (D.C. Cir. 1984).  The rule applies with equal force in appeals taken from the bankruptcy court to the District Court.  See In re Capitol Hill Group, 313 B.R. 344, 350 (D.D.C. 2004) ("Therefore, to the extent that CHG did not raise this breach of fiduciary claim in the bankruptcy court, it is waived and will not be heard for the first time on appeal.").  Even if Wolff had standing to appeal (which he does not), he would have no argument to advance here because he raised no arguments in the bankruptcy court below.

### D.    Wolff (Through Advantage) Had Notice of the Hearing to Approve the Settlement Agreement - - in Fact Advantage Filed a Timely Objection

While not relevant to his personal standing, Wolff's contention that he was not notified of the subsequent proceedings [i.e., the December 19, 2007 hearing to approve the settlement agreement]" is incorrect (and astonishing).  See Opposition at 4.  Advantage, by Mr. Wolff, timely-filed the objection that the bankruptcy court struck.  Id. at 2, ¶ 4.  If Advantage had knowledge, then obviously Wolff had knowledge.  And, as Pillsbury has noted for the Court, on December 14, 2007, Wolff received an email notifying him of the relevant objection deadline and the hearing date.  See Reply in Support of Motion for Summary Affirmance (Docket No. 10) and Supplement to Same (Docket No. 14).  Wolff had the opportunity to object, but failed to do so; though any such objection would have been challenged because he is not a creditor and based on his lack of standing and aggrieved-party status.  In the end, notice to Wolff personally is a red herring, as it does not vest him with standing that he otherwise does not possess.

5

### E. Wolff is Merely Seeking Some Personal Perceived Vindication, Which is Not a Legally Legitimate Basis to Begin Granting Him Party Status

Wolff argues that striking him from this appeal would be an affront to the integrity of the bankruptcy process. Pillsbury disagrees. If anything would be an affront, it is the inclusion of a non-party and legal stranger as an appellant in these proceedings. This Court has repeatedly recognized the importance of ensuring that a litigant possesses the requisite capacity, standing and aggrieved-party status. For example, in The Plan Committee v. PricewaterhouseCoopers, No. 02-01487, Judges Roberts and Hogan separately found that the plaintiff lacked capacity even though it clearly possessed standing. The Court there demonstrated that possessing all of the prerequisites to being a litigant matters; and, it should matter here. Advantage, as creditor and the only party with a direct economic stake in this litigation, has the full ability to prosecute this appeal. Wolff has not credibly demonstrated any immediate/direct rights or responsibilities that he personally possesses, separate and apart from Advantage.[2] Wolff acknowledges that he has no direct financial stake in the appeal, as he is not a creditor.

At bottom, rather than protecting some right or responsibility of Advantage in the case, Wolff is trying to satisfy his own interests. Wolff is personally offended that the bankruptcy court refused to adjourn hearings because of his vacation and other personal plans. And, he is

---

[2] Wolff baldly asserts that he is a "court-authorized fiduciary." However, he cites to no court order or other document to support this proposition. And in fact, only Advantage is court-authorized fiduciary is Advantage. Indeed, Wolff later concedes this in his Opposition that "the Plan Committee must operate through the Plan Members." See Opposition p. 5. The Plan Member is Advantage, not Wolff. Thus, the alleged concern that Wolff might be placed "personally in significant legal peril" based upon the actions of the Plan Members is a wholly fabricated assertion. Moreover, not a single one of the other 1,500 creditors in the case has objected to the settlement that is at the crux of this appeal, and not a single one has threatened any litigation against anyone, let alone Wolff personally. Regardless, absent some piercing-of-the-corporate-veil (the basis of which is currently unknown and unasserted), liability for actions as a Committee Member would fall upon Advantage, not Wolff as the president of Advantage. There is no doubt that Advantage is creditor, party and appellant, and Wolff will be able to continue to cause Advantage to prosecute this appeal in order to protect Advantage (and thus, by definition, Wolff).

personally offended that the bankruptcy court, honoring the well-known and two-hundred-year-old rule that corporations cannot litigate *pro se*, struck Advantage's timely-filed objection to the settlement at issue in this appeal.

Advantage and Wolff, anticipating affirmance of the bankruptcy court's order striking Advantage's *pro se* objection, fear that with <u>no</u> objection remaining to form the basis of an appeal (see the foregoing arguments regarding objections and argument raised for the first time on appeal), the remainder of this appeal will be dismissed. Thus, Wolff is trying to cobble together some argument to justify <u>his</u> <u>personal</u> appeal that has no factual basis, is frivolous, and is legally flawed beyond repair. In other words, if Advantage cannot appeal, because its objection was properly stricken, then somehow or another Wolff (a non-creditor and non-participant in the proceedings below) can still carry the appellate torch. This, the Court should not permit.

### III. Conclusion

Wherefore, for the reasons stated in the motion, for the reasons set forth above, and for such other reasons as the Court deems appropriate, Pillsbury requests that the Court determine that Wolff lacks standing to appeal and order that his appearance in the appeal be stricken. Pillsbury also requests that the Court determine that the positions of Advantage and Wolff regarding Wolff's standing to appeal are frivolous under Bankruptcy Rule 8020.

Dated:  March 10, 2008                                  Respectfully Submitted,

/s/ Patrick Potter
Patrick Potter (426514)
Jerry Hall (976461)
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, NW
Washington, DC 20037
(202) 663-8000
Counsel to Pillsbury