**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Advantage Healthplan Inc., )<br>)<br>Appellant, )<br>)<br>vs. )<br>)<br>The Plan Committee, )<br>Pillsbury Winthrop Shaw Pittman LLP, )<br>and Patrick J. Potter, Solely in His )<br>Capacity as Former Plan Agent, )<br>)<br>Appellees. )<br>) | Case No. 08-166 |

**MOTION OF PILLSBURY TO SUSPEND BRIEFING OBLIGATIONS PENDING RESOLUTION OF (I) MOTION TO STRIKE ELLIOT WOLFF AS AN IMPROPER PARTY [DE # 13] AND (II) MOTION FOR SUMMARY AFFIRMANCE [DE # 5]**

Appellees, Pillsbury Winthrop Shaw Pittman LLP and Patrick J. Potter, Solely in his Capacity as Former Plan Agent (for convenience, collectively "Pillsbury"), move the Court for an order suspending briefing obligations in the appeal until after the Court resolves (i) the Motion to Strike Elliot Wolff as Improper Party [Docket No. 13] and (ii) the Motion for Summary Affirmance [Docket No. 5] (together, the "Motions").

The Court should stay the current briefing schedule until after the Court decides the Motions in order to promote efficient litigation in this appeal.[1]  Postponing a full briefing on the merits will permit the Court to rule upon the Motions prior to all parties submitting briefs.  While

---

[1]  Pillsbury requests that, absent a further court order (which any party may request depending upon the results of the Motions), appellees' briefs be due thirty days after the Court has ruled upon both Motions.  As noted below, Pillsbury understands that Advantage intends to file its brief on March 13, 2008, but would not object to Advantage being permitted to file its brief after the Court has ruled upon both Motions, some reasonable time before appellees' briefs are due.

the Court considers the Motions, the parties will not be spending resources addressing potentially unnecessary matters.

For example, if granted, Pillsbury's pending Motion for Summary Affirmance will completely eliminate one of the two orders currently on appeal (the bankruptcy court's order striking Advantage's objection to settlement) from consideration. Moreover, summary affirmance of the bankruptcy court's order striking Advantage's objection to settlement necessarily will narrow the issues being considered on appeal. In fact, granting the Motion for Summary Affirmance will arm Pillsbury with additional arguments as to why the entire appeal is moot and should be dismissed.

Likewise, if the Motion to Strike is successful, Wolff (one of the two appellants) will be dismissed from the appeal. As a result, there will be one less appellant to which the Appellees must respond (or in the case of the Court, to consider) and the issues that Wolff would raise (that Advantage would not) will not burden the record or cause further litigation (<u>e.g.</u>, based upon Wolff's failure to make any argument or objection in the court below). The alternative is patently unfair—Appellees, Pillsbury and the Plan Committee, must respond to arguments made by (Pillsbury and the Plan Committee contend) someone who is entirely without standing and who is a legal stranger to the case and the appeal.

Even if the Court denies the Motions, the Court's opinions or orders may frame issues important to the Court and promote the efficient resolution of the appeal. No party will suffer prejudice because of a continued briefing schedule. Advantage has already requested and received a continuance of the briefing schedule. The Plan Committee has indicated its consent to

a postponement of the briefing obligations.[2] The Settlement Agreement, which is the principal concern underlying the appealed orders, has already been fully and completely consummated; except as directly related to this appeal, nothing remains to be done to fully satisfy the obligations of the settlement parties.[3]

Finally, Pillsbury has requested a determination by the Court that Advantage's appeal of the bankruptcy court's order striking Advantage's pro se objection to the settlement is frivolous. Additionally, Pillsbury has requested that the Court determine that Wolff's arguments that he has standing and is an appellant are frivolous. If the Court agrees that Advantage and/or Wolff have acted frivolously, a ruling to that effect prior to briefing should prompt sober attention to the arguments and pleadings that would follow, which would inure to the benefit of the parties and the Court.

WHEREFORE, for the reasons set forth above, and for such other reasons as the Court deems appropriate, Pillsbury requests that the Court enter an order suspending the briefing schedule.

Dated: March 11, 2008                     Respectfully Submitted,

                                              /s/ Patrick Potter
                                              Patrick Potter (426514)
                                              Jerry Hall (976461)
                                              Pillsbury Winthrop Shaw Pittman LLP
                                              2300 N Street, NW
                                              Washington, DC 20037

---

[2] Pillsbury solicited the views of the Plan Committee and Advantage prior to filing this Motion. Advantage responded that it did not consent, and would be filing its appellate brief. Pillsbury has no objection to Advantage filing its brief if it so desires. The Plan Committee concurred with Pillsbury to the extent that suspending the briefing schedule is likely to result in preserving scarce economic resources.

[3] Ultimately, Pillsbury intends to argue that the appeal is moot because of the consummation of the settlement agreement, which occurred in the absence of a stay or any request for a stay, among other reasons.

(202) 663-8000  
Counsel to Pillsbury