# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADVANTAGE HEALTHPLAN INC. and ELLIOT R. WOLFF, | ) ) ) ) |
| Appellants, | ) ) Civil Action No. 08-0166-CKK ) (Appeal) |
| v. | ) ) Bankruptcy No. 99-1159 ) (Chapter 11) |
| PILLSBURY WINTHROP SHAW PITTMAN, LLP et al., | ) ) |
| Appellees. | ) ) |

## BRIEF OF APPELLANTS,
## ADVANTAGE HEALTHPLAN INC. AND ELLIOT R. WOLFF

Janet M. Nesse  Bar No. 358514
Lawrence P. Block  Bar No..452190
Stinson Morrison Hecker LLP
1150 18th St., NW, Suite 800
Washington, DC 20036
Telephone: (202) 785-9100
Fax:  (202) 785-9163

*Counsel for Appellants*

`

# I.     TABLE OF CONTENTS

Page

I.      TABLE OF CONTENTS..................................................................................... i

II.     TABLE OF AUTHORITIES ............................................................................. ii

III.    BASIS OF APPELLATE JURISDICTION ....................................................... 1

IV.     ISSUES PRESENTED AND STANDARD OF REVIEW ................................. 2

        A.      ISSUES PRESENTED.............................................................................2

        B.      STANDARD OF REVIEW .....................................................................2

V.      STATEMENT OF THE CASE AND STATEMENT OF FACTS...................... 3

        A.      STATEMENT OF THE CASE.................................................................3

        B.      STATEMENT OF FACTS ......................................................................5

VI.     ARGUMENT.................................................................................................. 11

        A.      Advantage and the Creditor Body Represented by the Plan Committee
                Were Deprived of their Due Process Rights under the Fifth Amendment. ..........11

                1.   Denial of Meaningful Notice ................................................... 12
                2.   Multiple Denials of the Opportunity to Be Heard. ................... 14
                3.   Court Approval. ...................................................................... 18

        B.      The Bankruptcy Court Erred by Allowing the Fee Dispute to Proceed as a
                Contested Matter Rather than an Adversary Proceeding.....................................21

        C.      The Bankruptcy Court Erred by Exercising Subject Matter Jurisdiction
                Over This Post-Confirmation Fee Dispute. ..........................................................22

        D.      The Bankruptcy Court's Errors Will Have an Adverse Impact on the
                Bankruptcy Process................................................................................................24

VII.    CONCLUSION................................................................................................ 26

EXHIBIT A

## II.    TABLE OF AUTHORITIES

**CASES**

*Aboudaram v. DeGroote*,
  2006 U.S. Dist. LEXIS 26161 (D.D.C.) ................................................................2

*Coburn v. President of Bank of U.S.*,
  22 U.S. 738 (1824)................................................................................................15

*Connecticut General Life Ins. Co. v. United Companies Financial Corp.*
  *(In re Foster Mortgage Corp.)*,
  68 F.3d 914 (5th Cir. 1995) ................................................................................20

*Connelly v. Swick & Shapiro*,
  749 A.2d 1264 (D.C. 2000) ..................................................................................24

*Continental Casualty Co. v. General Development Corp.*
  *(In re General Development Corp.)*,
  165 B.R. 685 (S.D. Fla. 1994) ............................................................................11

*Crump v. U.S.*,
  1996 U.S. Dist. LEXIS 5517 ( D. Col. 1996) ......................................................21

*Eagle Associates v. Bank of Montreal*,
  926 F.2d 1305 (2d Cir. 1990)..............................................................................15

*Frye v. Frye*,
  216 B.R. 166 (Bankr. E.D. Va. 1997)..................................................................18

*G&R Corp. v. American Sec. & Trust Co.*,
  523 F.2d 1164 (D.C. Cir. 1975) ..........................................................................18

*Gilbert v. Berman*,
  2005 U.S. Dist. LEXIS 17804 (E.D. La.) ............................................................16

*Gordon v. Gouline*,
  1995 U.S. Dist. LEXIS 20852 (D.D.C.) ............................................................2, 20

*Ideal Elec. Security. Co. v. International Fidelity Ins. Co.*,
  129 F.3d 143 (D.C. Cir. 1997) ............................................................................24

*In re Dow Corning Corp.*,
  255 B.R. 445 (E.D. Mich. 2001)..........................................................................14

*In re The Greater Southeast Community Hospital Foundation, Inc., et al.*,
  *Case No. 99-01159.* Appellant Elliot R. Wolff is Advantage's ..............................1

*In re Lloyd Carr and Co.*,
  617 F.2d 882 (1st Cir. 1980)................................................................................13

DB04/811703.0002/320715.1

*In re St. Charles Preservation Investors, Ltd.*,
112 B.R. 469 (Bankr. D.C. 1990) ...................................................................................1

*In re Telcar Group, Inc.*,
363 B.R. 345 (Bankr. E.D.N.Y. 2007)............................................................................25

*In re Victor*,
545 F.2d 285 (1st Cir. 1976)..........................................................................................16

*In re Webster*,
22 B.R. 11 (Bankr. D. Vt. 1982).....................................................................................17

*In re West Point Properties*,
249 B.R. 273 (Bankr. E.D. Tenn. 2000) ...................................................................12, 19

*Johns-Manville Corp. v. Equity Security Holders' Committee*,
1986 U.S. Dist. LEXIS 26108 (S.D.N.Y.)..................................................................15, 25

*Jones v. Niagra*,
722 F.2d 20 (2d Cir. 1983).............................................................................................15

*Lifepanels, LLC v. Gekko Technology*,
2007 U.S. Dist. LEXIS 15197 (E.D. Tex.) ......................................................................16

*Motorolla v. Official Committee of Unsecured Creditors*,
478 F. 3d 452 (2d Cir. 2007)............................................................................................2

*Mullane v. Central Hanover Bank & Trust Co*,
339 U.S. 306 (1950)........................................................................................................12

*Myers v. Martin (In re Martin)*,
91 F.3d 389 (3d Cir. 1996).............................................................................................11

*Northview Motors, Inc. v. Chrysler Motors Corp.*,
186 F.3d 346 (3d Cir. 1999)...........................................................................................11

*Point of Wisdom v. United States*,
1996 U.S. Dist. LEXIS 1574 .........................................................................................16

*Premium of America v. Sanchez (In re Sanchez)*,
342 B.R. 390 (Bankr. D.C. 2006) ..................................................................................23

*Reynolds v. Comm'r of Internal Revenue*,
861 F.2d 469 (6th Cir. 1988) .........................................................................................19

*Richdel v. Sunspool*,
699 F.2d 1366 (Fed. Cir. 1983).......................................................................................15

*Romagosa v. Thomas (In re Van Diepen)*,
236 Fed. Appx. 498 (11th Cir. 2007)...............................................................................21

*Rowland v. California Men's Colony*,
    506 U.S. 194 (1993)..............................................................................................15

*Simbraw v. U.S.*,
    367 F.2d 373 (3d Cir. 1966)..............................................................................17

*State Bank v. Gledhill*,
    76 F.3d 1070 (10th Cir. 1996) ...................................................................... 21-22

*Strong Delivery Ministry Assoc. v. Board of Appeals*,
    543 F.2d 32 (7th Cir. 1976) ...............................................................................16

*Surowitz v. Hilton Hotels Corp.*,
    383 U.S. 363 (1966)...........................................................................................22

*Taylor v. Knapp*,
    871 F.2d 803 (9th Cir. 1989) .............................................................................15

*TMT Trailer Ferry Protective Committee v. Anderson*,
    390 U.S. 414 (1968)...........................................................................................19

*Treese v. Carr*,
    1989 U.S. Dist. LEXIS 7954 (D. D.C) ..............................................................24

*Turner v. ABA*,
    407 F.Supp. 451 (1975) .....................................................................................15

*U.S. v. 19 Acres of Land*,
    416 F.2d 1244 (6th Cir. 1969) ...........................................................................16

*U.S. v. Aabott Asbestos, Inc.*,
    1993 U.S. Dist. LEXIS 18249 (E.D. Mo.).........................................................16

*United States v. United States Gypsum Co.*,
    333 U.S. 364 (1948)...........................................................................................18

*Vasconi v. Credit Manager Assoc. of Cal.*,
    1997 U.S. Dist. LEXIS 24177 (N.D. Cal.) ........................................... 14-15, 25-26

STATUTES

28 U.S.C. § 158(a)(1)...............................................................................................1

### III.     BASIS OF APPELLATE JURISDICTION

Appellant Advantage Healthplan Inc. ("Advantage") is a member of the Plan Committee established by a Plan of Reorganization approved by the U.S. Bankruptcy Court for the District of Columbia ("Bankruptcy Court") in the bankruptcy case styled *In re The Greater Southeast Community Hospital Foundation, Inc., et al., Case No. 99-01159.*  Appellant Elliot R. Wolff is Advantage's corporate representative on the Plan Committee.

Appellees are the Plan Committee, Patrick J. Potter ("Potter") and Pillsbury Winthrop Shaw Pittman, LLP ("Pillsbury"), the law firm which represented the Plan Committee and Potter when he was the Plan Agent.

Appellants seek review of two orders of the Bankruptcy Court entered on December 21, 2007, in connection with a purported settlement ("Purported Agreement") relating to attorney fees and disbursements claimed by Potter and Pillsbury.  The first order struck the objection filed by Advantage, and signed by Mr. Wolff, to the Purported Agreement.  The second order approved a purported settlement among the Plan Committee, Potter, and Pillsbury.

This Court has jurisdiction to hear appeals from the bankruptcy court pursuant to 28 U.S.C. § 158(a)(1).  Orders in bankruptcy cases, such as those challenged here, may be immediately appealed as final orders as a matter of right if they dispose of discrete disputes within the larger case.  *In re St. Charles Preservation Investors, Ltd.*, 112 B.R. 469, 471 (Bankr. D.C. 1990).

DB04/811703.0002/320715.1

## IV.    ISSUES PRESENTED AND STANDARD OF REVIEW

### A.    ISSUES PRESENTED

1.    Did the Bankruptcy Court deprive Advantage and the creditor body represented by the Plan Committee of their Due Process Rights under the Fifth Amendment?

2.    Did the Bankruptcy Court err when it ruled on the Motion to Approve Settlement even though proper notice had not been given to creditors?

3.    Did the Bankruptcy Court err when it struck Mr. Wolf's objection to the purported settlement without allowing Mr. Wolff the opportunity to retain counsel on behalf of Advantage, one of two members of the Plan Committee?

4.    Did the Bankruptcy Court err when it allowed a post-confirmation fee dispute to proceed as a contested matter rather than as an adversary proceeding?

5.    Did the Bankruptcy Court err by exercising subject matter jurisdiction over this post-confirmation fee dispute?

### B.    STANDARD OF REVIEW

On appeal, federal district courts review *de novo* questions of law determined by bankruptcy courts. *Aboudaram v. DeGroote*, 2006 U.S. Dist. LEXIS 26161 (D.D.C.). The Bankruptcy Court's articulation of Rule 9019's standard for evaluating a settlement is a legal issue subject to *de novo* review. *Motorolla v. Official Committee of Unsecured Creditors*, 478 F. 3d 452, 461 (2d Cir. 2007). The Bankruptcy Court's findings of fact are to be reviewed under the clearly erroneous standard. *Gordon v. Gouline*, 1995 U.S. Dist. LEXIS 20852, at *8 (D.D.C.).

DB04/811703.0002/320715.1

## V.    STATEMENT OF THE CASE AND STATEMENT OF FACTS

### A.    STATEMENT OF THE CASE

In this Chapter 11 bankruptcy proceeding, Appellant Advantage has served as a member of the Plan Committee since confirmation of the Plan in 2001.  During that entire period of time, Appellant Elliot Wolff has served as Advantage's corporate representative to the Plan Committee.  After the resignation of the original Plan Agent in March 2006, Potter was retained by the Plan Committee, and Pillsbury was retained to represent both Potter and the Plan Committee.

This dispute began in August 2007, Potter and Pillsbury filed individual motions for orders authorizing their resignation and payment of their fees and expenses.  The issue of resignation was rendered moot when the Plan Committee terminated both Mr. Potter and Pillsbury.  The Plan Committee did, however, oppose payment of certain fees and disbursements claimed by Potter and Pillsbury, and the exercise of subject matter jurisdiction by the Bankruptcy Court over the post-confirmation fee dispute.

A trial date was set for January 2008, and in December 2007 the parties began settlement discussions.  During the course of those negotiations, Mr. Wolff informed the other parties, including the other member of the Plan Committee and Plan Committee counsel, that he would not agree to any compromise that did not include certain essential provisions.  Because the Plan Committee by-laws provided that the settlement of any disputes had to be agreed upon by all (both) members of the Plan Committee, and because the other parties did not agree to Mr. Wolff's conditions, no settlement could possibly have been reached.   In addition, required resolutions were not filed and certainly no resolution approving the settlement was signed on behalf of Advantage.

On December 13, 2007, Mr. Wolff received notice that the Bankruptcy Court had scheduled a hearing for December 14, 2007 on  two "Emergency Motions" filed by Plan Committee counsel, Shulman, Rogers, Gandal, Pordy and Ecker, P.A., one seeking authority to resign and one seeking a continuance of all scheduled activity in the Potter/Pillsbury claim.  Mr. Wolff notified the Bankruptcy Court through a letter to the Bankruptcy Court that he would be unable to attend the December 14, 2007 hearing but that he did supported the Emergency Motions.

On December 14, 2007, the Bankruptcy Court did not consider the "Emergency Motions" for which notice had been sent, but instead entertained discussions on an alleged settlement among the Plan Committee, Potter and Pillsbury on the fee dispute, which had not been noticed for hearing.  The Bankruptcy Court then heard testimony about the purported settlement under seal and continued the proceedings with the statement from Potter that notice would be sent to creditors that day, which was four days in advance of a hearing on December 21, 2007, with objections due on December 19th at 5 p.m.  The Court's ruling was contingent on notice being sent on December 14, 2007 to the creditor body.  The notices were not mailed (via regular mail) until December 17, 2007 to some of the creditors and on December 18, 2007 to other creditors. With less than two days notice, Mr. Wolff, as the representative of Advantage, filed a timely objection on behalf of Advantage with the Bankruptcy Court.  Upon a Motion filed by Potter and Pillsbury that was not served on Advantage, the objection was stricken by the Bankruptcy Court. No notice of this occurrence was provided to Advantage prior to the December 21, 2007 hearing. There were no other objections and the purported settlement was approved at the hearing.

On appeal, Mr. Wolff respectfully submits that the procedures followed in the Bankruptcy Court operated to deny the creditors their right to due process of law.  Specifically,

4

the Bankruptcy Court held a hearing on a matter not noticed for hearing on December 14, 2007; held a portion of the hearing in secret, which included testimony not subject to the proper safeguards of cross-examination; proceeded with the hearing even though the Court knew that Mr. Wolff was unable to attend the hearing; failed to insure that proper notice was given to creditors of the purported settlement; improperly struck Advantage's objection to the settlement; failed to ensure that notice was sent on December 14, 2007 as required by the court; employed erroneous standards in approving the settlement; failed to require Appellees to bring their dispute as an adversary proceeding rather than as a contested matter and improperly exercised subject matter jurisdiction over a post-confirmation fee dispute with Plan Committee counsel and the Plan Agent.  These procedural irregularities are addressed more fully in the Statement of Facts and are outlined in the chart attached hereto and incorporated herein as Exhibit A.

**B.      STATEMENT OF FACTS**

1.      On May 29, 1999, Greater Southeast Community Hospital Corporation, the Greater Southeast Community Hospital Foundation, Inc., Fort Washington Nursing Home, Inc. and Greater Southeast Management Company (collectively "Debtors") filed voluntary petitions in the Bankruptcy Court.

2.      By an order dated November 9, 2001, the Bankruptcy Court confirmed the Debtors' Second Amended Joint Plan of Reorganization ("Plan").  The Plan and Confirmation Order provided for the establishment of the Plan Committee and approved the membership of Advantage as one of three original members of the  Plan Committee.  (Bankruptcy Court Docket ("BCD") Nos. 2320, 2469).

3.      The Restated and Ratified By-Laws of the Plan Committee ("By-Laws") provide that "Advantage Healthplan Inc. (represented by Elliot R. Wolff) is one of the original members

5

of the Plan Committee." *See* By-Laws, attached to the Response to the Emergency Renewed Motion of Shulman Rogers Gandal Pordy & Ecker for Immediate Withdrawal as Counsel to Plan Committee or for Further Instructions (BCD N. 3384). The other original members of the Plan Committee were Welcome Homes Inc., represented by Stanley Zupnick, and Eaton Vance Management. Eaton Vance Management resigned effective June 13, 2007, so that, at all times relevant to these proceedings, the Plan Committee operated with only two members.

4. The Plan also provided for the appointment of a Plan Agent. On March 31, 2006, after the resignation of the original Plan Agent, Thomas J. Catliota, Appellee Potter assumed the role of Plan Agent. Potter is a partner and attorney in Appellee law firm Pillsbury.

5. After Potter's appointment as Plan Agent, Pillsbury served as counsel to the Plan Agent and the Plan Committee. Potter served as Plan Agent and Pillsbury served as counsel to the Plan Agent and Plan Committee until August 2007.

6. On August 3, 2007, Potter filed a Motion to Approve Plan Agent's Resignation and Payment of Fees (BCD No. 3251), and Pillsbury filed a Motion to Approve Counsel's Resignation and Payment of Fees (BCD No. 3252).

7. The Plan Committee removed Potter as Plan Agent and Pillsbury as legal counsel to the Plan Committee on August 13, 2007. *See* Notice of Termination, BCD No. 3257.

8. The Plan Committee filed an Opposition to both Motions (BCD No. 3265), and trial was scheduled for January 8 and 11, 2008.

9. During the first week of December 2007, counsel for the Plan Committee, Shulman Rogers Gandal Pordy & Ecker, P.A. ("Shulman Rogers"), spoke with Potter about a potential settlement of the dispute. *See* December 14, 2007 transcript, BCD No. 3405. Advantage never consented to settlement on the terms set forth in the purported Settlement

6

Agreement.  *See* Objection to Motion Pursuant to Bankruptcy Rule 9019 for Court Approval of

Settlement Agreement Among the Plan Committee, Patrick J. Potter, Former Plan Agent, and

Pillsbury Winthrop Shaw Pittman, LLP, at ¶ 30, BCD No. 3346.

10.     On December 13, 2007, Shulman Rogers filed two emergency motions in the

Bankruptcy Court:  (1) To Withdraw as Counsel for the Plan Committee (BCD No. 3333); and

(2) to Continue a Trial Scheduled for January 8 and 11, 2008 (BCD No. 3335).  A hearing was

scheduled for the following day on the two emergency motions.  *See* Notice of Hearing (BCD

No. 3337).

11.     On December 13, 2007, Mr. Wolff sent a letter to the Bankruptcy Court, with a

copy to the other member of the Plan Committee informing the Court that Mr. Wolff would be

unavailable to attend the hearing on December 14, 2007 but that he supported the emergency

motions. *See* Appendix B to Appellant's Designation of Record. (BCD No. 3377).

12.     On December 14, 2007, the Bankruptcy Court held a hearing for the stated

purpose of  considering the Emergency Motions to authorize Shulman Rogers to withdraw as

counsel to the Plan Committee and to continue the trial scheduled for January 8, 2008.

13.     Unbeknownst to Mr. Wolff and Advantage, Appellees did not intend to pursue the

Emergency Motions at the December 14, 2007 hearing but rather intended to ask the Court to

consider and approve a purported settlement with Appellees.  In fact, counsel for the Plan

Committee and Appellees called Ms. Sally Myers, the courtroom deputy for Judge Teel, to

inform the Court that the December 14, 2007 hearing would be focused on a purported

settlement.  *See* December 14, 2007 transcript at p. 5, BCD No. 3404.

14.     Advantage was not present at the December 14, 2007 hearing, and the Bankruptcy

Court, instead of addressing the Emergency Motions, entertained discussions by counsel for the

Plan Committee and Pillsbury on a purported settlement reached between the parties.  In fact, the purported settlement was the only issue addressed at that hearing.  *See* December 14, 2007 transcripts, BCD Nos. 3403, 3404.

15.     The Court also heard testimony under seal from Welcome Homess' representative on the Plan Committee, Mr. Zupnick, on the question of whether a settlement had been reached. No other evidence was presented.  *See* December 14, 2007 transcript (sealed portion), pp. 7-11, BCD No. 3403.

16.     Following Mr. Zupnick's testimony, Mr. Potter made an oral motion to "[a]pprove the settlement entered into by the parties."  *See* December 14, 2007 transcript, p. 13, line 14, BCD No. 3404.

17.     Prior to the December 14, 2007 hearing, neither a Motion for Approval of Compromise of Controversy pursuant to Fed. R. Bankr. P. 9019, nor a copy of the purported settlement had been filed in the Bankruptcy Court.  *See* December 14, 2007 transcript, pp. 6-7, BCD No. 3404.   The terms and conditions of the purported settlement were never set forth for the Court, either prior to or at the hearing.

18.     At the December 14, 2007 hearing, Michael Lichtenstein, Esq., counsel for the Plan Committee, informed the Bankruptcy Court that he was not sure that Mr. Wolff would sign the purported settlement.  *See* December 14, 2007 transcript, p. 16, lines 9-18.  Mr. Lichtenstein then acknowledged that Mr. Wolff would be able to object once the settlement was filed with the court and notice was sent to creditors.  *See* December 14, 2007 transcript, p. 19, lines 4-11.

.     19.     Counsel for the Plan Committee stated in open court, at the December 14, 2007 hearing that the only member of the Plan Committee present had approved the purported agreement.  Counsel for the Plan Committee did not inform the Court that one member of the

8

Plan Committee did not have the authority to bind the Plan Committee or to agree to the settlement without the agreement of Advantage, the other member of the Plan Committee. *See* December 14, 2007 transcript, p. 14; lines 15-20, BCD No. 3404; s*ee also* Bylaws, BCD No. 3384.

20.    Although Pillsbury requested immediate approval, with no notice to anyone, the Bankruptcy Court deferred ruling on the Emergency Motions and the purported agreement and allowed objections to be made by December 19, 2007, if notice went out to creditors on December 14, 2007. *See* December 14, 2007  transcript, p. 23; lines 3-6, BCD No. 3404.

21.    The Bankruptcy Court stated that approval for the settlement agreement was not proper because "somebody might object to it. . . . there was going to be 9019 notice." *See* December 14, 2007 transcript,  p. 15; lines 18-22, BCD No. 3404.

22.    At the December 14, 2007 hearing, Appellee Potter stated: "I'm not going to spend a lot of time, effort and money arguing with Mr. Wolff about a settlement." *See* December 14, 2007 transcript,  p. 17; lines. 14-16, BCD No. 3404.

23.    Notice of the settlement pursuant to Fed. R. Bankr. P. 9019 did not go out to creditors on December 14, 2007 as directed by the Bankruptcy Court.  A notice without the terms and conditions of the settlement was filed electronically with the Court.  (BCD No. 3338).  This deficient notice was never sent out to the creditors pursuant to Rule 9019.

24.    On December 17, 2007, a new notice was filed with the Bankruptcy Court and served on some creditors by regular mail.  This notice was mailed to other creditors, including Advantage, on December 18, 2007.  *See* Certificate of Service dated December 20, 2007, BCD No. 3347.

9

25.      Although Plan Committee counsel knew that Elliot Wolff, as representative of one of the two members of the Plan Committee, did not believe that the parties had agreed to a settlement containing all of the terms and conditions, Plan Committee counsel did not disclose this fact to the Court, even though it had filed a Motion to Withdraw.

26.      On December 19, 2007, Advantage filed a detailed objection to the purported settlement.  (BCD No. 3346).  The objection was signed by Mr. Wolff on behalf of Advantage.

27.      On December 20, 2007, Appellees Potter and Pillsbury filed a Response and Motion to Strike the Objection.  (BCD No. 3348).

28.      Potter and Pillsbury never served the Response and Motion to Strike on Advantage or Mr. Wolff.

29.      On December 21, 2007, the Court struck the Objection from the record.  (BCD No. 3349).

30.      Because notice of the December 21 hearing was not mailed until December 17 or 18, 2007, creditors received, at most, two days to file their objections during the height of the Christmas mailing season.

31.      On December 21, 2007, after striking Advantage's objection, the Court approved the settlement.  (BCD No. 3351).

32.      At the December 21, 2007 hearing, the Bankruptcy Court was not advised that its own condition precedent to approval of the settlement -- that notice had to be sent to creditors on December 14, 2007 -- had not been met by the parties.

33.      The court stated that the evidence on December 14, 2007, demonstrated that the settlement was entered in good faith and was in the best interest of creditors.  *See* December 21, 2007 transcript,  pp. 3-4; lines 6-25, 1-4, BCD No. 3405.

34.      The "executed" settlement agreement was filed with the Bankruptcy Court on

December 27, 2007, six days *after* it was approved by the Bankruptcy Court.   *See* Line Filing

Executed Settlement Agreement Regarding Motion to Approve Compromise, BCD No. 3371.

The document on its face shows that a required signature, that of Mr. Wolff, is not on the

document.  *Id.*

35.      On December 31, 2007, Elliot Wolff and Advantage filed a Notice of Appeal to

this Court (BCD No. 3372).

## VI.    ARGUMENT

### A.    Advantage and the Creditor Body Represented by the Plan Committee Were Deprived of their Due Process Rights under the Fifth Amendment.

It is axiomatic that creditors' rights in bankruptcy cases are property interests protected

by the Fifth Amendment and cannot be impaired without notice and an opportunity to be heard.

*See e.g., Continental Casualty Co. v. General Development Corp. (In re General Development*

*Corp.)*, 165 B.R. 685, 688 (S.D. Fla. 1994) (*citations omitted*).  The requirements of notice, a

hearing, and bankruptcy court approval afford due process protections to parties interested in the

disposition of the estate.  *See Northview Motors, Inc. v. Chrysler Motors Corp*., 186 F.3d 346,

351 (3d Cir. 1999).  With regard to proposed settlements, Fed. R. Bankr. P. 9019(a) provides that

"[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise

or settlement."  Rule 9019, with its "schema [of notice, a hearing, and approval] is intended to

protect both debtors and creditors (as well as trustees) by subjecting a [a moving party's] actions

to complete disclosure and review by the creditors of the estate and by the bankruptcy court."

*Myers v. Martin (In re Martin),* 91 F.3d 389, 395 (3d Cir. 1996).  In this case, there were

numerous substantial procedural irregularities in the provision of notice, the hearings held, and

the court approval of the settlement, not one of which met the standards imposed by law.  As a

consequence, Advantage, the rest of the creditor body, and Elliott Wolff, were deprived of their right to due process of law.

### 1.    Denial of Meaningful Notice

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co*, 339 U.S. 306, 314 (1950).  In the bankruptcy context, Fed. R. Bankr. P. 2002 (a)(3) provides that the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 20 days notice by mail of the hearing on approval of a compromise of settlement of a controversy other than approval of an agreement pursuant to Rule 4001(d) unless the court for cause shown directs that notice not be sent.  The notice requirement provides parties with an interest in the settlement an opportunity to object to a settlement agreement that is unsatisfactory to them.  *In re West Point Properties*, 249 B.R. 273, 282 (Bankr. E.D. Tenn. 2000).

In this case, neither Advantage, Mr. Wolff, nor any of the other creditors had been given notice that the purported settlement would even be considered at the December 14, 2007 hearing scheduled to address the Emergency Motions filed by Shulman Rogers.  It is undisputed that Potter and Plan Committee counsel informed the Court but no creditor, and certainly not Mr. Wolff, that the subject matter for the hearing had changed.  The Notice of Hearing dated December 13, 2007, as it appears on the Bankruptcy Court Docket, nowhere mentions the purported settlement.   (BCD No. 3337).

Upon questioning at the December 14, 2007 hearing, Plan Committee counsel revealed that although a 9019 motion and accompanying notice had been discussed by the parties, the

DB04/811703.0002/320715.1

motion had never been submitted and no notice had been sent to any creditors. *See* December

14, 2007 transcript, pp. 5-7. The Court then suggested that Mr. Potter "simply notice up the

settlement" and then added: "I'm not approving the settlement today because somebody might

object to it." *See* December 14, 2007 transcript, p.15, lines 17-18. Consequently, no ruling was

issued at that time. Instead, it was decided that counsel would send out notice that day, with an

objection date of December 19, 2007 and a hearing scheduled for December 21, 2007. *See*

December 14, 2007 transcript, p. 22, lines 12-25. Even if all involved had complied with that

tight schedule, it would not have satisfied Rule 2002(a)'s requirement of 20 days notice to

creditors. In fact, however, notice was not sent out until December 17, 2007 or December 18,

2007 by Plan Committee counsel and that notice still provided that objections had to be received

by December 19, 2007. Therefore, instead of 20 days notice, creditors received at most two days

notice for filing objections and four days notice of the hearing on December 21, 2007. This

schedule essentially stripped creditors of an essential right.

       Because of this failure to give meaningful notice, any agreement, is not enforceable.

Although Rule 2002(a)(3) implies that the Bankruptcy Court can reduce the notice time or even

dispense with the notice for good cause, no cause was asserted in this case other than the

impatience of counsel to receive their fees.[1] Particularly where principal creditors have not been

an opportunity to consider or respond, a proposed settlement is not a valid compromise. *In re*

*Lloyd Carr and Co*., 617 F.2d 882, 885 (1st Cir. 1980) (decided under the Bankruptcy Act)

(agreement is unenforceable where notice requirements of Bankruptcy Rules were not met). In

this case, as in *Lloyd Carr*, no cause has been shown to dispense with the notice requirements

and other formalities of the Rules so that the purported agreement is unenforceable.

---

[1] Examples of emergencies justifying a shortened notice might be an impending foreclosure, an environmental issue, an impending health and safety issue, decomposing produce, or the like.

13

### 2. Multiple Denials of the Opportunity to Be Heard.

On December 14, 2007, the Bankruptcy Court held a hearing and heard testimony from Mr. Zupnick, after which it concluded that there was a settlement agreement. The Bankruptcy Court never afforded Mr. Wolff the same opportunity to testify that it accorded to Mr. Zupnick.

On December 21, 2007, the Bankruptcy Court struck Advantage's objection to the purported settlement on the ground that Advantage, as a corporation, could not appear in court without an attorney. Although courts generally agree that a corporation can appear only by an attorney, in this case, the Bankruptcy Court denied Advantage its right to due process of law without (1) taking into account the unique status occupied by Mr. Wolff; (2) considering the nature of Mr. Wolff's "appearance"; (3) giving Mr. Wolff an opportunity to retain counsel; or (4) determining what representations were made to creditors who called Plan Committee counsel.

### a. Status of Mr. Wolff.

In striking Advantage's Objection to the purported settlement, the Bankruptcy Court only considered Mr. Wolff's status as the president of Advantage and ruled that Advantage could only appear through counsel. The Bankruptcy Court did not, however, consider that Mr. Wolff wore other hats in connection with the Debtors' bankruptcy case. Most significantly, Advantage, as a corporation has a fiduciary duty to the creditors. As the corporate representative of Advantage, Mr. Wolff was merely trying to fulfill Advantage's responsibilities.

Committee members have a fiduciary duty, which extends to the class as a whole, not to its individual members. *See In re Dow Corning Corp.*, 255 B.R. 445 (E.D. Mich. 2001). As fiduciaries, counsel and committee members have obligations of fidelity, undivided loyalty and impartial service in the interest of the creditors they represent. *Vasconi v. Credit Manager Assoc. of Cal.*, 1997 U.S. Dist. LEXIS 24177, at *9 (N.D. Cal.). Mr. Wolff then, filed the

14

objection to the purported settlement as a fiduciary. The Bankruptcy Court, however, failed to acknowledge this status and treated him only as the representative of a single corporation.

The Bankruptcy Court should also have acknowledged that Mr. Wolff was *required* to file the objection on behalf of Advantage. The committee members should show "undivided loyalty and allegiance to their constituents….a committee's only duty is to pursue the interests of its members." *Johns-Manville Corp. v. Equity Security Holders' Committee*, 1986 U.S. Dist. LEXIS 26108, at *37 (S.D.N.Y.)   If Advantage had not done everything possible to represent the creditors' interests, the corporation could have exposed itself to an action for breach of fiduciary duty. *See Vasconi v. Credit Manager Assoc. of Cal.*, 1997 U.S. Dist. LEXIS 24177, at *9 (N.D. Cal.).

Mr. Wolff knew that he had to file an objection on behalf of Advantage to the purported settlement. However, because Advantage's views and those of counsel for the Plan Committee had diverged, Advantage no longer had access to that representation. Because the hearing notice did not state that corporate objections had to be filed by counsel and because obtaining counsel between the actual notice and the object time was impractical, Mr. Wolff had no choice but to file the objection himself as the corporate representative of Advantage.

**b.    Advantage's  "Appearance."**  There is no cited authority for the proposition that a creditor entity can only object to a purported settlement through an attorney authorized to practice before the bankruptcy court. Although numerous cases were cited by Appellees in their Motion for Summary Affirmance, all of those cases involved actual litigants before the respective courts such as a plaintiff, defendant, petitioner, respondent, appellant or appellee.[2]

---

[2] *See Rowland v. California Men's Colony*, 506 U.S. 194 (1993) (plaintiff); *Coburn v. President of Bank of U.S.*, 22 U.S. 738 (1824); *Turner v. ABA*, 407 F.Supp. 451 (1975) (plaintiff); *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305 (2d Cir. 1990) (defendant); *Taylor v. Knapp*, 871 F.2d 803 (9th Cir. 1989)(plaintiff); *Jones v. Niagra*, 722 F.2d 20 (2d Cir. 1983)( plaintiff*); Richdel v. Sunspool*, 699 F.2d 1366 (Fed. Cir. 1983)(appellee); *Southwest v. ICC,*

Fed R. Bankr. P. 9010 (a) provides:

> Authority to Act Personally or by Attorney.  A debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act either in the entity's own behalf or by an attorney authorized to practice in the court, and (2) perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy.

Here, the objector was only a "party in interest" not a litigant.  Parties in interest do not have all the rights of a litigant, so it is reasonable that they do not have all of the duties and obligations.

**c.    Opportunity to Retain Counsel.**  There have been numerous cases in which proceedings have been continued so as to allow an unrepresented party (including a corporation) to retain counsel.  For example, this Court has ruled that an organization challenging the denial of its application for tax exempt status had to be represented by a duly licensed attorney.  *Point of Wisdom v. United States*, 1996 U.S. Dist. LEXIS 1574, at * 3.  The Court, however, dismissed the case without prejudice "leaving the organization free to re-file this case in a timely manner either be retaining proper legal counsel or obtaining a pro bono attorney."  *Id.*  Other courts have granted continuances to allow unrepresented entities time to retain counsel.  *See e.g.*, *Lifepanels, LLC v. Gekko Technology*, 2007 U.S. Dist. LEXIS 15197 (E.D. Tex.)(defendant corporation given 30 days to appear through counsel); *Gilbert v. Berman*, 2005 U.S. Dist. LEXIS 17804 (E.D. La.) (defendant LLC given 10 days to enroll counsel); *U.S. v. Aabott Asbestos, Inc*., 1993 U.S. Dist. LEXIS 18249 (E.D. Mo.) (defendant corporation given 30 days to secure counsel).

In this case, no reason was given for expediting the proceedings except for Potter's desire to resolve the matter by the end of the year, hardly good cause to deny creditors their due process rights.  An order permitting Advantage to obtain counsel and resubmit the objection through counsel or to treat the objection as one by Mr. Wolff as the representative of Advantage on the

---

670,F.2d 53 (5TH Cir. 1982)(petitioner); *In re Victor*, 545 F.2d 285 (1st Cir. 1976) (appellant); *Strong Delivery Ministry Assoc. v. Board of Appeals*, 543 F.2d 32 (7th Cir. 1976) (plaintiff); *U.S. v. 19 Acres of Land*, 416 F.2d 1244

Plan Committee, would have allowed the court to consider the substance of Advantage's objections, consistent with the Bankruptcy Court's duty to ensure that the settlement was fair and equitable.

Certainly, bankruptcy courts have addressed the situation when a corporation files a pleading without counsel so as to allow the corporation's points and issues to be addressed by the Court. *See e.g. In re Webster*, 22 B.R. 11 (Bankr. D. Vt. 1982). In that case, the court returned the corporate president's complaint to him while informing him that case law established that an officer of a corporation may not appear for a corporation in the Bankruptcy Court unless the officer is an attorney admitted to practice in the court. The court also found that there were extenuating circumstances for his actions. It thereafter ruled that good cause was shown to justify an extension of time for an attorney to file a complaint objecting to the discharge of the debt and that the corporation established excusable neglect for not filing a complaint in a more timely manner. As Advantage and Mr. Wolff were not even served with the Motion to Strike or to obtain counsel, the Order Striking Objection of Advantage As It Was Not Filed by a Licensed Attorney Authorized to Practice Before the Court was improper.

**d.    Other Creditors Responded Orally and Were Dissuaded from Participating.**

At the December 14, 1007 hearing, Counsel for the Plan Committee stated that he had received other calls from creditors who had received the Notice but that after he spoke to them no objections were filed. There was no way to determine who called, what they were told, whether they were discouraged by the timeline, whether they unable to get counsel in time, whether they were told that one of the members of the Plan Committee opposed the settlement, or any other matter that would determine whether discussions held or assurances made were appropriate.

---

(6th Cir. 1969); *Simbraw v. U.S.*, 367 F.2d 373 (3d Cir. 1966)( plaintiff).

3.    **Court Approval**.

The denial of due process occasioned by the absence of notice and an opportunity to be heard was compounded by the cursory consideration given to the substance of the purported agreement by the Bankruptcy Court.  Before deciding whether to approve a settlement, a court must first address whether a compromise has been reached by the parties.  *See Frye v. Frye*, 216 B.R. 166, 170 (Bankr. E.D. Va. 1997).

In this case, the Bankruptcy Court's finding that there was a binding agreement is clearly erroneous.  The Bankruptcy Court made findings of fact based on testimony and representation only that an agreement of some undetermined amount and with undetermined conditions had been reached among the Plan Committee, Potter and Pillsbury.  The Bankruptcy Court could not possibly have exercised its required investigation and analysis given the paucity of evidence before it.  The court found that a settlement was reached without seeing a copy of even an unsigned version of the purported settlement agreement or any evidence of the terms and conditions of the purported settlement.

The court approved the settlement even though the court knew that Advantage, one of the parties most closely involved in the fee dispute as one of two members of the Plan Committee, had filed an objection.  The Objection submitted by Advantage was stricken and was apparently never considered.  Hence, the Bankruptcy Court's finding was "without substantial evidentiary support," and, therefore, clearly erroneous. "[A] finding is "clearly erroneous" if it is without substantial evidentiary support or if it was induced by an erroneous application of the law." *G&R Corp. v. American Sec. & Trust Co*., 523 F.2d 1164 (D.C. Cir. 1975) (quoting *United States v. United States Gypsum Co*., 333 U.S. 364, 395 (1948)).

The Bankruptcy Court also erred by failing to use the proper standards to evaluate the settlement agreement that it had been asked to approve. The Bankruptcy Court had an independent duty to review the merits of a settlement pursuant to Fed. R. Bank. P. 9019. *See Reynolds v. Comm'r of Internal Revenue*, 861 F.2d 469, 473 (6th Cir. 1988). The court is not permitted to act as a mere rubber stamp or to rely on the moving party's word that a compromise is reasonable. *Id*. Rather, the court possesses "an affirmative obligation to apprise itself of the underlying facts and to make an independent judgment as to whether the compromise is fair and equitable. *In re Westpoint Properties*, 249 B.R. 273, 281 (Bankr. E.D. Tenn. 2000) (citing *Reynolds* at 473).

In the absence of any statutory guidance in the Bankruptcy Code as to how to evaluate the factual circumstances of compromises, many bankruptcy courts have looked for guidance to the case of *TMT Trailer Ferry Protective Committee v. Anderson*, 390. U.S. 414 (1968). *See Korngold v. Lloyd (In re S. Med. Arts Co.)*, 2006 Bankr. LEXIS 1771 (B.A.P. 10th Cir. 2006). In *TMT Trailer* the Supreme Court explained:

> "[t]here can be no informed and independent judgment as to whether a proposed compromise is fair and equitable until the bankruptcy judge has apprised himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation."

*TMT Trailer Ferry Protective Committee v. Anderson*, 390 U.S. 414, 424-25 (1968).

In exercising its discretion (to approve or disapprove a settlement), the Bankruptcy Court is guided by several criteria; 1) the probability of success in litigation; 2) the difficulties, if any,

to be encountered in collection; 3) the complexity of the litigation involved and the expense, inconvenience and delay of such litigation; and 4) the paramount interest of the creditors and proper deference to their reasonable views.  *See Gordon v. Gouline*, 1995 U.S. Dist. LEXIS 20852, at *8 (D.D.C.) (approval proper where creditors were given notice and none opposed the settlement); *c.f. Connecticut General Life Ins. Co. v. United Companies Financial Corp. (In re Foster Mortgage Corp.)*, 68 F.3d 914, 918 (5th Cir. 1995) (court's failure to make any findings regarding creditor opposition to settlement was abuse of discretion).

There was no full and fair disclosure to the creditor body in the December 17, 2007 notice.  At the December 21, 2007 hearing at which Mr. Wolff was not present, approval of the purported settlement agreement was the sole question considered.  The Bankruptcy Court approved the settlement during the following colloquy with Mr. Lichtenstein and Potter:

> MR. LICHTENSTEIN:  As your Honor knows there was only one objection that was filed.  That has been stricken, so essentially there are no objections to that motion.  Mr. Metz from my office did receive several phone calls from creditors.  He explained to them what was going on and, having heard that explanation, none of them have filed any objections.  As your Honor knows, in that motion there are extensive recitals as to both the Plan Committee's position and Mr. Potter and his law firm's position and the reasons as to why this settlement is both reasonable, in the best interests of creditors, and was entered into in good faith.  And in light of the status, Your Honor, we would request that this Court enter that order approving the settlement agreement.
>
> THE COURT:  Anything else?  Mr. Potter?
>
> MR. POTTER:  No, Your Honor.
>
> THE COURT:  *I'll approve the settlement agreement.  The evidence at the last hearing satisfies the court that this was negotiated in good faith and that it is in the best interests of the creditors to approve the settlement.*  The motion is granted.  What else do we have?  (Emphasis Added).

It is clear that in this case, the Bankruptcy Court gave no consideration at all to the probability of success in litigation, the difficulties, if any, to be encountered in collection and the

complexity of the litigation involved and the expense, inconvenience and delay of such litigation, thereby ignoring three of the four factors that should have guided the Court in the use of its discretion. As to the fourth factor, the Bankruptcy Court must consider the interests of all the creditors. *Romagosa v. Thomas (In re Van Diepen)*, 236 Fed. Appx. 498, 504 (11th Cir. 2007). Here, however, the Bankruptcy Court could not have considered the interests of the creditors who did not receive adequate notice of the settlement and hearing. Furthermore, the Bankruptcy Court declined to consider the sole timely objection that was filed.

**B.    The Bankruptcy Court Erred by Allowing the Fee Dispute to Proceed as a Contested Matter Rather than an Adversary Proceeding.**

The Federal Rules of Bankruptcy Procedure distinguish between adversary proceedings and contested matters. *State Bank v. Gledhill*, 76 F.3d 1070, 1077 (10th Cir. 1996). Fed. R. Bankr. P. 7001 enumerates ten classes of actions or proceedings which must be brought as adversary proceedings. *Id.* Those proceedings include "a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee (or other exceptions not applicable here)." Fed. R. Bankr. P. 7001(1). Under Rule 7001, parties must bring the identified proceedings as adversary matters, rather than as motions or in other procedural forms. *Crump v. U.S.*, 1996 U.S. Dist. LEXIS 5517, at *7 ( D. Col. 1996). Once filed, adversary proceedings are governed by Part VII of the Federal Rules of Bankruptcy Procedure, which incorporates most of the procedural protections of the Federal Rules of Civil Procedure. *Id*.

The fee dispute between the parties herein is clearly a "proceeding to recover money" and Appellees' attempt to circumvent the adversary process illuminates the wisdom behind Rule 7001. Most significantly, a party who brings an action designated as an adversary proceeding under Rule 7001 must file a complaint with the bankruptcy court and serve the adverse party

21

with a summons and a copy of the complaint.  *State Bank v. Gledhill*, 76 F.3d at 1077.   If that had occurred in this matter, all parties would have received notice and would have had the opportunity to retain counsel and to file an answer or other responsive pleading as provided for in Fed. R. Bankr. P. 7007.

It appears, however, that Pillsbury and Potter were primarily concerned with a speedy resolution of their claim rather than the due process rights of Advantage and the other creditors. In fact, at the hearing on December 14, 2007, Mr. Potter expressly stated his desire to resolve the matter through "a simple non-litigated process."   *See* December 14, 2007 transcript, p. 9, lines 8-16.  Potter then asked the Bankruptcy Court "to approve the settlement entered into by the parties" and suggested that if the Court would grant his motion, the parties [presumably only those present] "could probably work out, fairly easily, a way of providing some sort of negative notice."  *See* December 14, 2007 transcript, p. 13, lines 9-21.  Clearly, Potter was in a hurry to recover his fee.  However, "[t]he basic purpose of the Federal Rules is to administer justice through fair trials…."  *Surowitz v. Hilton Hotels Corp*., 383 U.S. 363 (1966).  Had Appellees pursued their fees through the adversary process, all sides would have had an opportunity to be heard.  Instead, Appellees took a short cut by filing a motion, which deprived the creditors of their right to due process.

**C.     The Bankruptcy Court Erred by Exercising Subject Matter Jurisdiction Over This Post-Confirmation Fee Dispute.**

This fee dispute commenced when Potter and Pillsbury filed motions requesting that the Bankruptcy Court approve their resignation and order the Plan Committee to pay their fees.  That was on August 3, 2007, more than five years after confirmation of the Debtors' Second Amended Joint Plan of Reorganization.

A party invoking the bankruptcy court's post-confirmation jurisdiction must satisfy two requirements. First, the matter must have a close nexus to the bankruptcy court or proceeding, as when a matter affects the interpretation, implementation, consummation, execution or administration of the confirmed plan and second, the plan must provide for the retention of jurisdiction over the dispute. *Premium of America v. Sanchez (In re Sanchez)*, 342 B.R. 390, 397 (Bankr. D.C. 2006) (citations omitted). In this case, the payment of fees to Potter and Pillsbury meets none of the requirements for retention of jurisdiction.

First, this dispute does not have a close nexus to the bankruptcy plan or proceeding. In fact, the Plan expressly removes the employment and compensation of professionals such as Potter and Pillsbury from the realm of the Bankruptcy Court, as follows:

> The Plan Committee shall be authorized to retain counsel and such other professionals and agents as are reasonable and necessary for the administration of its duties. **The Plan Committee may retain professionals in its sole discretion and may employ professionals without application and order under 11 U.S.C. § 327…. Any professional engaged to render services after the Effective date entitled to compensation or reimbursement of expenses pursuant to this Plan may submit request for reimbursement to the Plan Committee** from time to time (but no more frequently than monthly), and any request for reimbursement shall be supported by reasonable documentation (i) describing in detail, including time records, the services rendered, and (ii) evidencing the expenditure(s) for which reimbursement is sought.

Plan, pp. 46-47 (emphasis added). Clearly, neither Potter nor his counsel was required to seek or obtain court approval for their employment or the reasonableness of their fees. That was between them and the Plan Committee, like any other client. In fact, the previous Plan Agent and his counsel were routinely compensated without resort to court action.

Second, the Plan lacks any provision supporting the retention of jurisdiction by the Bankruptcy Court to resolve a fee dispute. Although the Plan expressly provides for the retention of jurisdiction to "[g]rant or deny any applications for allowance of compensation or

reimbursement of expenses…for periods ending before the Effective Date" (Plan, p. 48), there is no provision whatsoever reserving jurisdiction to determine post-confirmation fee disputes, clearly suggesting that it was excluded.

In this jurisdiction, the Bankruptcy Court has stated that its post-confirmation jurisdiction "is limited to matters involving the execution, implementation, or interpretation of the plan's provisions, and to disputes requiring the application of bankruptcy law." *Shaw Pittman v. Shin (In re Shin),* 2004 Bankr. LEXIS 2262, at *5 (Bankr. D.C.) (citations omitted).   In this case, any reading of the Plan provisions quoted above, shows that this fee dispute does not require the execution, implementation, or interpretation of the Plan's provisions, except to the extent that those provisions remove this dispute from the Bankruptcy Court's jurisdiction.

Furthermore, this dispute must be decided under District of Columbia law rather than bankruptcy law.  A suit to recover attorney's fees is no different than any other contract action and is governed by traditional principles of contract law.  *Treese v. Carr*, 1989 U.S. Dist. LEXIS 7954, at *4 (D. D.C).  Once a contractual entitlement to attorney's fees has been ascertained, the determination of a reasonable fee award is for the trial court in light of the relevant circumstances.  *Ideal Elec. Security. Co. v. International Fidelity Ins. Co.,* 129 F.3d 143, 146 (D.C. Cir. 1997).[3]  Clearly then there is no need for the application of bankruptcy law in resolving this fee dispute.

**D.    The Bankruptcy Court's Errors Will Have an Adverse Impact on the Bankruptcy Process.**

The focus of this appeal is the process that led to the Orders of the Bankruptcy Court entered on December 21, 2007, which effectively deprived the creditors of due process of law.

---

[3] Ultimately, the reasonableness of any fees must be tested against Rule 1.5(a) of the District of Columbia Rules of Professional Conduct and the eight factors identified therein, as well as the decision of the District of Columbia Court of Appeals in *Connelly v. Swick & Shapiro*, 749 A.2d 1264 (D.C. 2000).

24

Those orders also have an impact on two essential aspects of the bankruptcy process, the use of committees and the compromise of controversies.

Committees play a "pivotal role" in the bankruptcy process. *Vasconi v. Credit Manger Assoc. of Cal.*, 1997 U.S. Dist. LEXIS 24177, at * 8 (N.D. Cal.). A committee, however, can only act through its individual members. The bankruptcy system relies on committees to further the reorganization process. *Johns-Manville Corp. v. Equity Security Holders' Committee*, 1986 U.S. Dist. LEXIS 26108, at *37 (S.D. N.Y.). Therefore, "the individuals constituting a committee should be honest, loyal, trustworthy and without conflicting interest and with undivided loyalty and allegiance to their constituents." *Id.* In a substantial case, like this one, committee members like Mr. Wolff can serve for years and do so without compensation. If Bankruptcy Courts allow professionals, such as Potter and Pillsbury, to mislead the creditor body and the courts, to the detriment of committee members and their representatives, it is unlikely that qualified people will be willing to serve on committees. The effect of these improper procedures has been that the Plan Committee members have been placed in a position of opposition to each other instead of having the Court reach a reasoned decision that would have been understood and resolved the concerns of all parties.

The compromise of controversies is also a vital part of our judicial system. In the bankruptcy context, the Bankruptcy Court must balance the public interest in upholding the integrity of the bankruptcy system and preventing tainted compromises against the public interest in encouraging just, speedy, inexpensive, and final resolution of disputes. *See In re Telcar Group, Inc.*, 363 B.R. 345, 357 (Bankr. E.D.N.Y. 2007). Where, as here, the Bankruptcy Court approves a compromise, without notice to all creditors, simply because an attorney is seeking a

DB04/811703.0002/320715.1

quick and inexpensive resolution in his favor, so that he can obtain his fees by year's end,  the Bankruptcy Court has struck the wrong balance.

## VII.    CONCLUSION

Pursuant to Fed. R. Bankr. P. 8013, a district court may affirm, modify or reverse the bankruptcy court's decision, or remand for further proceedings.  *Vasconi v. Credit Manager Assoc. of Cal.*, 1997 U.S. Dist. LEXIS 24177, at * 5 (N.D. Cal.).  In this case, reversal and remand is the appropriate remedy in light of the procedural posture of the case.  Specifically, the Bankruptcy Court erred when it determined that it had subject matter jurisdiction over this fee dispute so that orders should be reversed and the matter remanded with instructions to dismiss the Motions for Order Authorizing Payment of Unpaid Fees and Expenses, with leave to file the fee dispute as an Adversary Proceeding.  Alternately, because the Settlement Agreement was approved without providing notice to creditors or an opportunity to be heard, the Order entered on December 21, 2007 should be reversed and the matter should be remanded with instructions requiring Appellees to file a written Motion for Approval of Compromise of Controversy Pursuant to Rule 9019, containing the complete factual background leading up to the dispute along with the analysis performed  in deciding that this was a good faith and fair settlement, and to serve full and complete notice upon all parties, after consultation with the members of the Plan Committee.

26

Dated:  March 13, 2008                    Respectfully submitted


/s/ Janet M. Nesse
Janet M. Nesse  Bar No. 358514
Lawrence P. Block  Bar No..452190
Stinson Morrison Hecker LLP
1150 18th St., NW, Suite 800
Washington, DC 20036
Telephone: (202) 785-9100
Fax:  (202) 785-9163

27

**EXHIBIT A**

| Date | Docket No. | Event | Procedural Irregularities |
|---|---|---|---|
| 12/13/2007 | 3333 | Emergency Motion to Withdraw as Attorney *to the Plan Committee* Filed by Plan Committee of GSCHF, et al. (Attachments: # 1 Proposed Order) (Faller, Morton) (Entered: 12/13/2007) | None |
| 12/13/2007 | 3335 | Emergency Motion to Continue Hearing On *(Trial) Scheduled for January 8, 2008 and January 11, 2008 and to Extend All Other Pretrial Deadlines* Filed by Plan Committee of GSCHF, et al. (Re: Related Document(s) #:3328 Hearing Continued,,.) (Attachments: # 1 Proposed Order) (Faller, Morton) (Entered: 12/13/2007) | None |
| 12/13/2007 | 3337 | Notice of Hearing Scheduled for 12/14/07. *at 3:00PM.* Filed by Morton A. Faller on behalf of Plan Committee of GSCHF, et al.. (Re: Related Document(s) #:3335 Motion to Continue/Reschedule Hearing,, 3333 Motion to Withdraw as Attorney.) (Faller, Morton) (Entered: 12/13/2007) | Notice did not mention that the hearing would address a purported settlement |
| 12/13/2007 | | Hearing Scheduled (Re: Related Document(s) #:3333 Motion to Withdraw as Attorney, 3335 Motion to Continue/Reschedule Hearing, ) Hearing scheduled for 12/14/2007 at 03:00 PM Courtroom 1. (Myers, Sally) (Entered: 12/13/2007) | Bankruptcy Court notice of scheduled hearing did not reference any purported settlement |
| 12/14/2007 | 3338 | Notice of Hearing Scheduled for 12/21/07. *at 10:30 a.m. (regarding settlement of Docket Nos. 3251 and 3252)* Filed by Patrick J. Potter on behalf of Patrick Potter, Plan Agent. (Re: Related Document(s) #:3252 Motion to Approve, 3251 Motion to Approve.) (Potter, Patrick) (Entered: 12/14/2007) | Notice not served on creditor body, notice was deficient (no terms and conditions of purported agreement set forth) |
| 12/14/2007 | 3340 | Hearing Continued (Re: Related Document(s) #:3333 Motion to Withdraw as Attorney 3335 Motion to Continue Hearing on Trial Scheduled for 1/8/08 and 1/11/08 and To Extend All Other Pre-Trial Deadlines Filed by the Plan Committee ) Hearing scheduled for 12/21/2007 at 10:30 AM Courtroom 1. (Myers, Sally) (Entered: 12/17/2007) | Bankruptcy Court notice of scheduled hearing did not reference any purported settlement |
| 12/17/2007 | | Hearing Scheduled (Re: Related Document(s) #:3252 Motion to Approve Counsel's Resignation and Payment of Fees 3251 Motion to Approve Plan Agent's Resignation and Payment of Fees) Hearing scheduled for 12/21/2007 at 10:30 AM Courtroom 1. (Myers, Sally) (Entered: 12/17/2007) | Bankruptcy Court notice of scheduled hearing did not reference any purported settlement |

A-1

| 12/17/2007 | 3341 | Consent Motion to Approve Compromise under Rule 9019 *Among The Plan Committee, Patrick J. Potter, Former Plan Agent, and Pillsbury Winthrop Shaw Pittman LLP* Filed by Plan Committee of GSCHF, et al.. (Attachments: # 1 Exhibit 1# 2 Proposed Order) (Metz, Stephen) (Entered: 12/17/2007) | Maximum 2 day response time afforded creditors (objection due on 12/19/2007); motion mailed (not faxed or sent via e-mail) |
| --- | --- | --- | --- |
| 12/17/2007 | 3343 | Notice of Hearing Scheduled for 12/21/07.*Notice of Deadline to File and Serve Objection to Motion.* Filed by Patrick J. Potter, Stephen A. Metz on behalf of Plan Committee of GSCHF, et al.. (Re: Related Document(s) #:3341 Motion to Approve Compromise under Rule 9019,.) (Metz, Stephen) (Entered: 12/17/2007) | Maximum 2 day response time afforded creditors (objection due on 12/19/2007); motion mailed (not faxed or sent via e-mail) |
| 12/18/2007 | 3344 | Order Regarding (i) Filed Motion to Withdraw:(ii) Filed Motion to Continue; and (iii) Oral Motion to Approve Settlement of Disputes Among the Plan Committee, Former Plan Agent and Pillsbury Winthrop Shaw Pittman LLP. (Related Document(s) #:3335 Motion to Continue/Reschedule Hearing 3341 Motion to Approve Compromise under Rule 9019 3333 Motion to Withdraw as Attorney.) Order entered on 12/18/2007. (Myers, Sally) (Entered: 12/18/2007) | One day notice for objections to be filed; order not received by creditor body before expiration of objection time period |
| 12/19/2007 | 3346 | Objection to Motion Pursuant to Bankruptcy Rule 9019 For Court Approval of Settlement Agreement Among The Plan Committee, Patrick J. Potter, Former Plan Agent, and Pillsbury Winthrop Shaw Pittman LLP Filed by Advantage Healthplan, Inc. (Re: Related Document(s) #:3341 Motion to Approve Compromise under Rule 9019.) (Attachments: # 1 Proposed Order) (Mathewes, Aimee) (Entered: 12/20/2007) | None; timely objection filed by Advantage |
| 12/20/2007 | 3347 | Certificate of Service *of Notice of Deadline to File and Serve Objection to Motion Pursuant to Bankruptcy Rule 9019 for Court Approve of Settlement Agreement Among the Plan Committee, Patrick J. Potter, Former Plan Agent, and Pillsbury Winthrop Shaw Pittman LLP and Notice of Hearing on December 21, 2007 at 10:30 AM* Filed by Plan Committee of GSCHF, et al.. (Re: Related Document(s) #:3343 Notice of Hearing,.) (Attachments: # 1 Exhibit A (Part 1 of 2)# 2 Exhibit A (Part 2 of 2)# 3 Exhibit B)(Metz, Stephen) (Entered: 12/20/2007) | Demonstrates maximum two days (likely less) afforded for filing objections to purported settlement; notice sent by regular first class mail on 12/17/2007 and 12/18/2007 with deadline of 12/19/2007. |

DB04/811703.0002/320715.1

| 12/20/2007 | 3348 | Response *and Motion to Strike regarding Objection of Advantage Healthplan Inc.* Filed by Patrick Potter, Plan Agent (Re: Related Document(s) #:3346 Objection,..) (Attachments: # 1 Proposed Order) (Potter, Patrick) (Entered: 12/20/2007) | Not served on Advantage or other interested parties; no certificate of service filed |
|------------|------|---|---|
| 12/21/2007 | 3349 | Order Striking Objection of Advantage As It Was Not Filed by a Licensed Attorney Authorized to Practice Before the Court. The Concluding Paragraph (regarding "Movants' Request for Costs") Stricken Without Prejudice to the Movants' Seeking Such Costs, to the Extent Appropriate, Via a Separate Motion or a Bill of Costs. (Related Document(s) #:3348 Response.) Order entered on 12/21/2007. (Myers, Sally) (Entered: 12/21/2007) | No notice to Advantage of Motion to Strike; order not received until after 12/21/2007 hearing; Advantage not given opportunity to retain counsel |
| 12/21/2007 | 3350 | Hearing Held (Re: Related Document(s) #:3333 Motion to Withdraw as Attorney, 3335 Motion to Continue/Reschedule Hearing,, 3251 Motion to Approve, 3276 Motion for Summary Judgment, 3341 Motion to Approve Compromise under Rule 9019,, 3252 Motion to Approve) (Myers, Sally) (Entered: 12/21/2007) | Court not notified of failure to serve notice on 12/14/2007 as required by Court; Court failed to consider Advantage's objection |
| 12/21/2007 | 3351 | Order Granting Motion Pursuant to Bankruptcy Rule 9019 for Court Approval of Settlement Agreement Among the Plan Committee, Patrick J. Potter, Former Plan Agent, and Pillsbury Winthrop Shaw Pittman LLP (Related Doc # 3341) Entered on 12/21/2007. (Myers, Sally) (Entered: 12/21/2007) | Procedure leading to order faulty |
| 12/27/2007 | 3371 | Support Document Re: *(Line Filing Executed Settlement Agreement Regarding Motion to Approve Compromise)* Filed by Plan Committee of GSCHF, et al.. (Re: Related Document(s) #:3351 Order on Motion to Approve Compromise under Rule 9019,..) (Attachments: # 1 Settlement Agreement)(Metz, Stephen) (Entered: 12/27/2007) | Executed Agreement clearly shows required signature of Advantage missing; signed agreement filed six days after hearing |

DB04/811703.0002/320715.1