UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADVANTAGE HEALTHPLAN, INC. and ELLIOT R. WOLFF,<br><br>    Appellants,<br><br>v.<br><br>PILLSBURY WINTHROP SHAW PITTMAN, LLP et al.,<br><br>    Appellees. | Civil Action No. 08-0166-CKK<br>(Appeal)<br><br>Bankruptcy No. 99-1159<br>(Chapter 11) |

**APPELLANTS' OPPOSITION TO MOTION OF PILLSBURY
TO SUSPEND BRIEFING OBLIGATIONS PENDING RESOLUTION OF
(I) MOTION TO STRIKE ELLIOT WOLFF AS AN IMPROPER PARTY AND
(II) MOTION FOR SUMMARY AFFIRMANCE**

TO THE HONORABLE COLLEEN KOLLAR-KOTELLY:

COMES NOW Advantage Healthplan Inc. ("Advantage") and Elliot R. Wolff as Advantage Healthplan Inc.'s corporate representative on the Plan Committee (collectively, "Appellants"), by and through counsel, Stinson Morrison Hecker LLP, and hereby submit their Opposition to Motion of Pillsbury to Suspend Briefing Obligations Pending Resolution of (I) Motion to Strike Elliot Wolff as an Improper Party and (II) Motion for Summary Affirmance ("Motion to Suspend"), as follows:

## BACKGROUND

1. On January 28, 2008, Appellants filed a Notice of Appeal in this Court.

2. On February 5, 2008 the parties filed a Consent Motion for Extension of Time to file Appellant and Appellee Briefs. The Court entered an Order granting that Motion ("Scheduling Order") on February 6, 2008.

3. Pursuant to the Scheduling Order, the deadline to file Appellants' brief was extended to March 13, 2008 and the deadline to file Appellees' brief was extended to April 17, 2008. This gave Appellees approximately thirty-five days to respond instead of the usual fifteen days provided by Fed. R. Bankr. P. 8009(a)(2).

4. On February 7, 2008, Appellees filed a Motion for Partial Summary Affirmance, which Appellants opposed on February 19, 2008.

5. On February 21, 2008, Appellees filed a Motion to Strike Elliot Wolff as Appellant ("Motion to Strike") and Appellants opposed that Motion on March 3, 2008.

6. Neither the Motion for Partial Summary Affirmance nor the Motion to Strike included a request for a further extension of time.

7. At 10:23 P.M., on March 10, 2008, three days before the due date for Appellants' brief, Patrick Potter, counsel for Appellees sent an e-mail to counsel for Appellants requesting consent to an order staying the briefing schedule. A copy of the e-mail is attached as Exhibit A.

8. Counsel for Appellants' declined to consent, per the e-mail attached as Exhibit B, and Appellees filed the Motion to Suspend on March 11, 2008.

9. Appellants filed their brief on March 13, 2008, pursuant to the Court's scheduling order.

## ARGUMENT

In their Motion to Suspend, Appellees initially contend that staying "the current briefing schedule" will "promote efficient litigation in this appeal." (Motion to Suspend, p. 1).

However, upon consideration of the timing and substance of the Motion to Suspend, it is clear that its only effect will be to give Appellees a tactical advantage and to prejudice Appellants.

### **TIMING**

Although Appellees solicited Appellants' consent the day before they filed their Motion to Suspend, and assert that they "would not object to Advantage being permitted to file its brief after the Court has ruled upon both Motions" (Motion to Suspend, p. 1), the Motion to Suspend can only secure additional time for Appellees. Because the proposed suspension of briefing was not mentioned until late in the evening (10:23 P.M.), of March 11, 2008, Appellants had no choice but to file their brief on March 13, 2008 as required by the Scheduling Order. Had they not done so, they would have risked dismissal of their appeal pursuant to Local Rule 8009-1, which authorizes district courts to dismiss bankruptcy appeals if an appellant fails to file its brief on time. *See Allen v. Wells Fargo Bank*, 2005 U.S. Dist. LEXIS 4896, at *3 (D.D.C.).

The fact that Appellees did not include a request for immediate resolution in either the Motion for Partial Summary Affirmance or the Motion to Strike is telling. If Appellees truly needed resolution of their Motions prior to commencement of briefing, they should have included a request for immediate relief in those Motions. Instead, they waited until just before Appellants' brief was due so that only Appellees could benefit from any additional time. By the time the issue was raised, Appellants had substantially completed their brief. Although Appellees claim that "suspending the briefing schedule is likely to result in preserving scarce economic resources," the only resources preserved will be Appellees'. Hence, the Motion to Suspend is inherently prejudicial to Appellants.

## **SUBSTANCE OF THE MOTION TO SUSPEND**

Appellees assert that "postponing a full briefing on the merits will permit the Court to rule upon the Motions prior to all parties submitting briefs" (Motion to Suspend, p. 1). This claim is based on the assumption that the Court did not have time to rule on the Motions. There is, however, no basis for the assumption, which even if true, would not constitute grounds for suspension of briefing.

In addition, Appellees claim that having to file their brief, without the benefit of the Court's ruling, would be "patently unfair." This argument is based on the assumption that the Court will grant the Motion to Strike Elliot Wolff, resulting in "one less appellant to which the Appellees must respond." (Motion to Suspend, p. 2). Having already filed their brief, Appellants can assure both Appellees and the Court that Elliot Wolff raises no issues distinct from those raised by the other Appellant, Advantage Healthplan, Inc.

Significantly, the Motion to Suspend explains how rulings on the Motion for Partial Summary Affirmance and Motion to Strike will help Appellees in preparation of their Brief. Appellees claim, for example that "granting the Motion for Summary Affirmance will arm Pillsbury with additional arguments as to why the entire appeal is moot and should be dismissed." (Motion to Suspend, p. 2). Appellees further argue that failing to grant the Motion to Strike would be "patently unfair" because they would have to "respond to arguments by …someone who is entirely without standing …" (Motion to Suspend, p. 2). Then, according to Appellees, "the Court's opinions or orders may frame issues important to the Court." (Motion to Suspend, p. 2). The prejudice to Appellants is obvious because they were required to draft and file their brief, unarmed with additional arguments and without the benefit of knowing which issues are most important to the Court.

Finally, Appellees contend that a ruling in their favor prior to briefing "should prompt sober attention to the arguments and pleadings that would follow." Without presuming to understand that argument, Appellants submit that the briefs will cover the same core issues of notice, fairness and due process that are at the heart of the case. No procedural obfuscation can prevent that and the Court should require all parties to move forward and address these important matters.

WHEREFORE, Appellants respectfully request that the Court enter an Order:

A. Denying the Motion to Suspend; and

B. Granting such other and further relief as is just and proper.

Dated: March 18, 2008

Respectfully submitted,

/s/ Janet M. Nesse
Janet M. Nesse #358514
Lawrence P. Block # 452190
Stinson Morrison Hecker LLP
1150 18th Street, N.W., Suite 800
Washington, D.C. 20036
Tel. (202) 785-9100

*Counsel for Advantage Healthplan Inc. and Elliot R. Wolff as Corporate Representative on the Plan Committee*

Exhibit A

**Nesse, Janet**

| | |
|---|---|
| **From:** | Potter, Patrick J. [patrick.potter@pillsburylaw.com] |
| **Sent:** | Monday, March 10, 2008 10:23 PM |
| **To:** | Nesse, Janet |
| **Subject:** | GSE Appeal |

This is to request consent to an order staying the briefing schedule until after the court resolves the pending 2 motions. Please let me know on Tuesday if possible. If we don't have consent then we would file a motion either late Tuesday or early Wednesday.

I will still need to get Committee consent too.

---------------------------

Sent from my BlackBerry Wireless Handheld

------------------------------------------------------------

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Help Desk at Tel: 800-477-0770 x4860 immediately by telephone or by return E-mail and delete this message, along with any attachments, from your computer. Thank you.

* Internal Revenue Service regulations generally provide that, for the purpose of avoiding federal tax penalties, a taxpayer may rely only on formal written advice meeting specific requirements. Any tax advice in this message does not meet those requirements. Accordingly, any such tax advice was not intended or written to be used, and it cannot be used, for the purpose of avoiding federal tax penalties that may be imposed on you or for the purpose of promoting, marketing or recommending to another party any tax-related matters.

================================================================

Exhibit B

## Nesse, Janet

**From:** Nesse, Janet
**Sent:** Tuesday, March 11, 2008 5:09 PM
**To:** 'Potter, Patrick J.'
**Subject:** extension

we will not be consenting to a further extension of the briefing schedule because of the pending motions

it does not appear that such an extension is necessary and we will be filing our brief on the 13th of march when due

if you an extension for some particular reason of the timing of appellees brief we will of course consider that as a matter of professional courtesy