**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| Advantage Healthplan Inc., | ) | |
| Appellant, | ) ) ) | |
| vs. | ) ) ) | |
| The Plan Committee, Pillsbury Winthrop Shaw Pittman LLP, and Patrick J. Potter, Solely in His Capacity as Former Plan Agent, | ) ) ) ) ) ) ) | Case No. 08-166 |
| Appellees. | ) ) ) | |

**SUPPLEMENT IN SUPPORT OF PILLSBURY'S MOTION FOR SUMMARY AFFIRMANCE OF ORDER STRIKING ADVANTAGE'S OBJECTION**

This matter is before the Court on the Motion of Appellees, Pillsbury Winthrop Shaw Pittman LLP and Patrick J. Potter, Solely in his Capacity as Former Plan Agent (for convenience, collectively "Pillsbury"), for Summary Affirmance and the Opposition of Advantage thereto..

1.  Pillsbury filed the Motion on February 7, 2008. **Docket Number 5.** In sum, Pillsbury argued that the bankruptcy court's December 20, 2007 order striking the objection filed *pro se* by Advantage should be summarily affirmed because, as a matter of law, corporations must appear in federal court through counsel that is a member of the bar and relevant court.

2.  Advantage filed its Opposition to the Summary Affirmance Motion on February 19, 2008. **Docket Number 8**.

3.  Pillsbury filed its Reply on February 21, 2008. **Docket Number 10**.

4.  Advantage filed its opening brief on the merits on March 13, 2008. There it raises an argument not made in its Opposition. Specifically, Advantage argues that somehow Bankruptcy Rule 9010 enabled Advantage, a corporation, to file pleadings (e.g., an objection) in

federal bankruptcy court without the necessity of counsel. Without explanation or citation to legal authority, Advantage asserts that its obligation to comply with the licensed-counsel requirement was somehow mitigated by Bankruptcy Rule 9010 and Advantage's status as a non-litigant, lacking the full array of rights possessed by litigants (whatever this may mean). <u>See</u> Opening Brief page 15-16.

     5.    Advantage's reliance upon Bankruptcy Rule 9010 is unfounded and warrants no relief from the bankruptcy court's order striking Advantage's December 18th *pro se* objection. The Advisory Committee Note to the rule states:

> This rule is substantially the same as former Bankruptcy Rule 910 and does not purport to change prior holdings prohibiting a corporation from appearing pro se. See *In re Las Colinas Development Corp.*, 585 F.2d 7 (1st Cir. 1978).

A copy of the rule, together with the Advisory Committee Note and various case annotations indicating that corporations must be represented in order to appear in federal court, is attached hereto as <u>Exhibit 1</u>.

     6.    Based on the foregoing, the Court should reject as meritless the argument that Bankruptcy Rule 9019 afforded Advantage relief from its obligation to appear in federal court through licensed and authorized counsel.

[remainder of page is intentionally blank]

WHEREFORE, for the foregoing reasons, for the reasons set forth in Pillsbury's motion (DE #5) and its reply (DE #10), and for such other reasons as the Court deems appropriate, Pillsbury requests that the Court enter an Order affirming the Striking Order; that the Court determine the appeal of the Striking Order by Advantage is frivolous (for purposes of Bankruptcy Rule 8020 and otherwise); and the Court retain jurisdiction to administer appropriate relief upon further motion by Pillsbury.

Dated:  March 18, 2008						Respectfully Submitted,

/s/ Patrick Potter
Patrick Potter (426514)
Jerry Hall (976461)
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, NW
Washington, DC 20037
(202) 663-8000
Counsel to Pillsbury

### Selected Case Comment

*Alteration to Debtor's Petition and Schedules.* While a debtor has a duty to file complete schedules, the failure to utilize the Official Form does not require dismissal under section 707(a)(3) if a debtor substantially complies with the requirements of the Official Form. *In re* Price, 211 B.R. 170 (Bankr. M.D. Pa. 1997).

*Other Forms.* A proxy form may substantially conform to the Official Form and be valid. *In re* Eddie Haggar Ltd., Inc., 34 C.B.C.2d 1034, 1040, 190 B.R. 281, 286 (Bankr. E.D. Tex. 1995).

*Proof of Claim.* An agent's proof of claim filed on a form which does not substantially conform to the Official Form is invalid if the proof of claim fails to distinguish between the creditor and the agent. *In re* O'Dell, 251 B.R. 602 (Bankr. N.D. Ala. 2000).

For purposes of Rule 9011, the court applies the version of the rule in effect at the time the conduct took place. *In re* Kujawa, 256 B.R. 598 (B.A.P. 8th Cir. 2000).

### Collier References

10 *Collier on Bankruptcy*, ch. 9009 (Matthew Bender 15th ed. rev.).

---

**Rule 9010. REPRESENTATION AND APPEARANCES; POWERS OF ATTORNEY**

(a) *Authority to Act Personally or by Attorney.* A debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act either in the entity's own behalf or by an attorney authorized to practice in the court, and (2) perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy.

(b) *Notice of Appearance.* An attorney appearing for a party in a case under the Code shall file a notice of appearance with the attorney's name, office address and telephone number, unless the attorney's appearance is otherwise noted in the record.

(c) *Power of Attorney.* The authority of any agent, attorney in fact, or proxy to represent a creditor for any purpose other than the execution and filing of a proof of claim or the acceptance or rejection of a plan shall be evidenced by a power of attorney conforming substantially to the appropriate Official Form. The execution of any such power of attorney shall be acknowledged before one of the officers enumerated in 28 U.S.C. § 459, § 953, Rule 9012, or a person authorized to administer oaths under the laws of the state where the oath is administered.

### Advisory Committee Note

This rule is substantially the same as former Bankruptcy Rule 910 and does not purport to change prior holdings prohibiting a corporation from appearing *pro se.* See *In re Las Colinas Development Corp.*, 585 F.2d 7 (1st Cir. 1978).

### Advisory Committee Note—1987 Amendment

*Subdivision (c)* is amended to included a reference to Rule 9012 which is amended to authorize a bankruptcy judge or clerk to administer oaths.

### Advisory Committee Note—1991 Amendment

References to Official Form numbers in subdivision (c) are deleted in anticipation of future revision and renumbering of the Official Forms.

### Overview of Rule 9010

Rule 9010 governs who may appear in a bankruptcy case on behalf of an entity and how a power of attorney is to be evidenced.

### Relation to Code Sections

Section 110(e)(1) prohibits a nonattorney petition preparer from executing any document on behalf of the debtor.

### Relation to Other Statutes

28 U.S.C. §§ 459 and 953 provide authority for judges and clerks to administer oaths and affirmations. 28 U.S.C. § 1654 permits parties to

(M.D. Pa. 2000). *Accord In re* Clemmons, 151 B.R. 860, 862 (Bankr. M.D. Tenn. 1993); *In re* Messier, 144 B.R. 617, 619 (Bankr. D.R.I. 1992).

Corporations must be represented by counsel in order to appear in federal court. Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852 (8th Cir. 1996). *Accord In re* Las Colinas Dev. Corp. 585 F.2d 7 (1st Cir. 1978), *cert. denied*, 440 U.S. 931, 99 S. Ct. 829, 59 L. Ed. 2d 29 (1979); *In re* Bigelow, 179 F.3d 1164 (9th Cir. 1999); *In re* K.M.A., Inc., 652 F.2d 398 (5th Cir. 1981); Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426 (2d Cir. 1967).

Because limited liability companies share many attributes with corporations, they may only appear in court through an attorney. Hence the filing of a petition on behalf of a limited liability company by a nonattorney constitutes the unauthorized practice of law. *In re* ICLNDS Notes Acquisition, LLC, 259 B.R. 289 (Bankr. N.D. Ohio 2001).

### Collier References

10 *Collier on Bankruptcy*, ch. 9010 (Matthew Bender 15th ed. rev.).

---

**Rule 9011. SIGNING OF PAPERS; REPRESENTATIONS TO THE COURT; SANCTIONS; VERIFICATION AND COPIES OF PAPERS**

*(a) Signature.* Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

*(b) Representations to the Court.* By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the