**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Advantage Healthplan Inc., )<br>                Appellant, )<br>vs. )<br>The Plan Committee, )<br>Pillsbury Winthrop Shaw Pittman LLP, )<br>and Patrick J. Potter, Solely in His )<br>Capacity as Former Plan Agent, )<br>                Appellees. ) | Case No. 08-166 |

## RESPONSE TO REQUEST FOR ORAL ARGUMENT

Appellees, Pillsbury Winthrop Shaw Pittman LLP and Patrick J. Potter, solely in his capacity as former plan agent (for convenience, collectively "Pillsbury"), respectfully submit this Response to Request for Oral Argument [#33].

1. Federal Bankruptcy Rule 8012 governs oral argument. It states in full:

> Oral argument shall be allowed in all cases unless the district judge or the judges of the bankruptcy appellate panel unanimously determine after examination of the briefs and record, or appendix to the brief, that oral argument is not needed. Any party shall have an opportunity to file a statement setting forth the reason why oral argument should be allowed.
>
> Oral argument will not be allowed if (1) the appeal is frivolous; (2) the dispositive issue or set of issues has been recently authoritatively decided; or (3) the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.

2. The fees incurred litigating this matter to date (excluding the second appeal by Advantage in case number 08-718) have now more than doubled the $137,000 sum that was originally at issue. Preparing for oral argument would cause the Committee and Pillsbury to

spend even more sums. While Pillsbury will, of course, present oral argument if the Court sets a hearing, Pillsbury requests that oral argument be set only if necessary.

3. Pursuant to the second paragraph of Rule 8012, oral argument should be denied. With respect to clause "(3)" of the Rule, Advantage acknowledges that its three briefs, comprised of almost 60 pages, and those of the Appellees have been "thorough and exhaustive." Advantage does not identify any issue that has not been adequately addressed. Nevertheless, without explanation, it states that "this is not an instance in which the decisional process would not be aided by oral argument." However, the standard is whether the Court's decisional process would be "significantly aided by oral argument." Regardless, Advantage has not explained how the decisional process will be aided at all, let alone significantly aided. Its stating that the Court "may raise questions" does not satisfy the applicable standard and is premature.

4. Furthermore, as Pillsbury has explained in its prior motions and its appellee brief, this appeal is frivolous, and as such, oral argument should be denied pursuant to clause "(1)" of Rule 8012.

5. Finally, while the outcome of this appeal may not turn on recent authoritative decisions, many of the legal authorities cited by Pillsbury in favor of affirmance are authoritative - - e.g., the U.S. Supreme Court authority prohibiting corporate *pro se* pleadings. As such, the spirit of clause "(3)" of Rule 8012 also applies.

WHEREFORE, in the absence of the Court's determination that it has questions that cannot be answered absent oral argument and/or that oral argument will significantly aid the

Court to decide the appeal, Pillsbury requests that the Court deny the Request for Oral Argument (particularly in the interest of preserving the resources of the Court and the parties).

Dated:  May 22, 2008                                        Respectfully Submitted,

/s/ Patrick Potter
Patrick Potter (426514)
Jerry Hall (976461)
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, NW
Washington, DC 20037
(202) 663-8000
Counsel to Pillsbury

3